Submitted on record and briefs November 30, affirmed December 27, 2006

STATE OF OREGON,
*Respondent,*

*v.*

PAUL DOBASH,
*Appellant.*

MI040631; A126495

149 P3d 1235

Peter A. Ozanne, Executive Director, Peter Gartlan, Chief Defender, and Joshua B. Crowther, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Kathleen Cegla, Senior Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Schuman and Ortega, Judges.

LANDAU, P. J.

**LANDAU, P. J.**

Defendant appeals a judgment of conviction for theft in the second degree. ORS 164.045. His sole contention on appeal is that the sentence that the trial court imposed is unconstitutionally disproportionate, in violation of Article I, section 16, of the Oregon Constitution. We affirm.

The relevant facts are not in dispute. Defendant pleaded guilty to one count of theft in the second degree, ORS 164.045, a Class A misdemeanor. Defendant asked for a sentence of 18 months' probation. The court sentenced defendant to supervised probation for four years. Defendant objected on the ground that the sentence was disproportionate to the presumptive sentence for the greater offense of theft in the first degree. The trial court declined to reduce the sentence.

On appeal, defendant again argues that the sentence is unconstitutionally disproportionate. According to defendant, his sentence of four years' probation exceeds the presumptive sentence of two years' probation for the greater offense of theft in the first degree. The state responds that the relevant determinants are not defendant's sentence and the *presumptive* sentence for a greater offense. The state argues that the proper test is whether defendant's actual sentence exceeds the *maximum* sentence allowed by law for a greater offense. In this case, the state argues, the maximum sentence for the offense of theft in the first degree, a Class C felony, is five years' imprisonment. Defendant responds that, in light of the limitations of *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), the maximum sentence for theft in the first degree must consist of the presumptive sentence.

Article I, section 16, of the Oregon Constitution provides that "all penalties shall be proportioned to the offense." That provision has been construed to "prohibit[ ] the imposition of a sentence for a lesser offense that is greater than that available for a more serious offense." *State v. Koch*, 169 Or App 223, 226, 7 P3d 769 (2000). To determine whether that has occurred requires a comparison between "the actual sentence imposed [and] the maximum sentence allowed by law for the greater offense." *Id.* at 227. In this case, there is no

dispute that the actual sentence imposed on the conviction for theft in the second degree was four years' probation. The disputed issue is what constitutes the "maximum sentence allowed by law" for the greater offense of theft in the first degree.

Theft in the first degree is a Class C felony. ORS 164.055. A conviction for that offense would be ranked a level 3 on the sentencing guidelines grid, given the value of the property involved in this case. OAR 213-017-0009(8). The presumptive sentence for such a conviction would be two years' probation. OAR 213-005-0008(1)(b). That sentence is *presumed* to be correct, but it is not the maximum for that offense for all purposes, because the law specifically provides that a trial court may depart from the presumed sentence if there are compelling reasons to do so. Under the sentencing guidelines, for a conviction of theft in the first degree, the trial court is authorized to depart from the presumed sentence and, depending on the defendant's criminal history, impose a term of up to one to two years' *imprisonment*, plus a term of post-prison supervision, *see* OAR 213-008-0005, or, alternatively, to depart from the presumed sentence and impose a term of up to five years' supervised probation, *see* OAR 213-005-0008(2)(a), (b), and (e). Furthermore, the sentencing guidelines notwithstanding, ORS 161.605 provides that the "maximum term of an indeterminate sentence of imprisonment" for a Class C felony such as theft in the first degree is five years' imprisonment. We need not decide whether the "maximum sentence allowed by law" refers to the maximum departure sentence the court may impose under the sentencing guidelines, or the maximum indeterminate sentence defined by ORS 161.605. For present purposes it is sufficient to note that, in any event, the maximum sentence allowed by law for first-degree theft is at least five years' probation. Obviously, a five-year term of probation is greater than the four-year term of probation that defendant received.

It is true that, in *Blakely*, the United States Supreme Court employed the term "maximum sentence" in referring to presumptive sentences under a sentencing guidelines scheme similar to the one adopted in Oregon. The Court, however, made clear that it used the term in the very

specific and limited context of determining for Sixth Amendment purposes the "maximum sentence" that may be imposed on the basis of facts reflected in a jury verdict, as required by *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000). As the Court explained in *Blakely*:

> "Our precedents make clear * * * that the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*. In other words, the relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings."

542 US at 303-04 (citations omitted; emphasis in original).

The Court thus expressly used the term "for *Apprendi* purposes" only. It said nothing about the "maximum sentence" that a state may impose for other purposes. To the contrary, in *Schriro v. Summerlin*, 542 US 348, 353, 124 S Ct 2519, 159 L Ed 2d 442 (2004), the Court explained that "the Sixth Amendment's jury-trial guarantee * * * has nothing to do with the range of conduct that a State may criminalize."

We can identify no basis on which to conclude that the fact that a presumptive sentence constitutes the "maximum" for Sixth Amendment purposes means that the same sentence must constitute the "maximum" for Article I, section 16, proportionality purposes as well. That being the case, it is clear that defendant's sentence of four years' probation for theft in the second degree does not exceed the "maximum sentence allowed by law," *Koch*, 169 Or App at 227, for the greater offense of theft in the first degree. The trial court did not err in imposing sentence.

Affirmed.