Argued and submitted December 20, 2010, in C081971CR and C081781CR,
sentences vacated; remanded for resentencing;
otherwise affirmed June 15, 2011

# STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

# WILLIAM MAURICE SIMONSON,
*Defendant-Appellant.*

Washington County Circuit Court
C081971CR, C081781CR;
A141269 (Control), A141270

259 P3d 962

Ingrid A. MacFarlane, Deputy Public Defender, argued the cause for appellant. With her on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Doug M. Petrina, Senior Assistant Attorney General, argued the cause for respondent. With him on the brief were John R. Kroger, Attorney General, and David B. Thompson, Interim Solicitor General.

Before Brewer, Chief Judge, and Gillette, Senior Judge.

GILLETTE, S. J.

**GILLETTE, S. J.**

This is a criminal case in which defendant was charged, in two indictments, with a total of 10 counts of sexual abuse in the second degree, ORS 163.425. Defendant was convicted on five of the counts.[1] The trial court imposed sentences in the five counts of 19, 21, 25, 31, and 36 months, respectively, and ordered that all sentences be served concurrently. Defendant appeals, asserting two assignments of error. For the reasons that follow, we find one of those assignments to be well taken.

ORS 163.425 provides, *inter alia*, that a person commits the crime of sexual abuse in the second degree if the person subjects another person to sexual intercourse and the other person "does not consent thereto." In each instance alleged in the two indictments, the state's theory was that the victims were under the age of 18 (defendant was 23) and therefore could not, as a matter of law, consent to the acts of intercourse.[2]

Defendant demurred to both indictments, asserting that, under

> "the plain meaning of the statute, [and] the Oregon Constitution's proportionality requirement * * * the legislature's intent [in enacting the statute was] that a felony apply to sexual contact with a victim under 16 years of age and that a misdemeanor apply to sexual contact with a [victim] 16 or 17 years of age."

More specifically, defendant contended that ORS 163.425 could not constitutionally be applied to him because ORS 163.355, which prohibits "sexual intercourse with another person under 16 years of age," describes a more serious form of the same offense, yet carries a lesser penalty. Thus, defendant contends, the penalties for the lesser offense are harsher than the penalties for the greater offense, creating a problem

---

[1] The trial court granted defendant's motion for acquittal on two counts; the remaining three were dismissed pursuant to the state's motion.

[2] ORS 163.315 provides, in part:

"(1) A person is considered incapable of consenting to a sexual act if the person is:

"(a) Under 18 years of age[.]"

of constitutional disproportionality. In defendant's view, the only appropriate charge for his conduct, therefore, would be the misdemeanor, "contributing to the sexual delinquency of a minor," which prohibits engaging in sexual intercourse with a person under 18 years of age. ORS 163.435.

In *State v. Stamper*, 197 Or App 413, 106 P3d 172, *rev den*, 339 Or 230 (2005), we held that, although the issue was not free from doubt, the more likely meaning that the legislature intended for ORS 163.425 was that the statute was violated when the victim, although actually willing to have intercourse with the offender, lacked the legally recognized capacity to consent, *i.e.*, was under the age of 18. *Id.* at 427. With commendable candor, defendant acknowledges the decision in *Stamper*, but he asks that this court reconsider and disavow it.

Defendant notes that the constitutional problem described above can be avoided if this court holds that *Stamper* was wrongly decided, and that ORS 163.425 does not apply when the alleged victim willingly engages in intercourse but lacks legal capacity to consent due to age. Defendant is correct that the constitutional issue is a result of our interpretation of ORS 163.425 in *Stamper*; defendant does not persuade us, though, that *Stamper* was not decided correctly. In *Stamper*, the question presented was whether the legislature, in enacting ORS 163.425's language "and the victim does not consent [to sexual intercourse]," meant to describe lack of "actual consent," rather than a situation in which the victim was willing, but lacked the legal capacity to consent because the victim was under the age of 18. Relying on prior case law as well as legislative history, we concluded that the legislature intended ORS 163.425 to apply to situations in which a victim willingly engaged in sexual intercourse with a defendant but lacked the capacity to consent to intercourse due to age. *Id.* at 426-27. We went on to note, however, that that interpretation would render other statutes proscribing the same conduct "superfluous." *Id.* at 427.

In this case, defendant points out that, not only does the interpretation in *Stamper* render some other statutes superfluous, but also it gives rise to the disproportionality

problem at issue here, given that the "lesser" conduct prohibited by ORS 163.425 as interpreted in *Stamper* carries a greater penalty than "greater" conduct prohibited by another statute, namely, ORS 163.355 (third-degree rape). The difficulty with defendant's argument is that he has not demonstrated that the analysis in *Stamper* is clearly incorrect. *See, e.g., Newell v. Weston*, 156 Or App 371, 380, 965 P2d 1039 (1998), *rev den*, 329 Or 318 (1999) (reasoning that "courts should adhere to the doctrine of *stare decisis* unless error is plainly shown to exist" (internal quotation marks omitted)). That is, *Stamper* addressed a question of statutory construction and reached a conclusion based on the text, context, and legislative history of the statute. The fact that the *Stamper* interpretation now allows a different defendant in a different case to raise a different constitutional concern does not demonstrate that *Stamper* was wrongly decided.

We commend defendant for making a well-considered, thorough analysis in seeking reconsideration of *Stamper*. *See, e.g., State v. Partain*, 349 Or 10, 18-19, 239 P3d 232 (2010) (requiring such briefing to justify reconsideration of a well-established rule). The issue is a close one, but defendant's argument does not persuade us that this court's decision in *Stamper* was wrong. We adhere to *Stamper* and reject this assignment of error.

We turn to defendant's remaining argument. In this assignment, defendant asserts that the trial court erred in assigning a crime seriousness score of "'7'" to each of defendant's convictions for sexual abuse in the second degree. This assignment is important because the trial court's use of a "7" crime score caused defendant to receive a sentence for each of the offenses that was greater than the sentence would have been had defendant received the crime score, "6," which applies to the more serious crime of third-degree rape.[3] To better understand defendant's argument, we provide a brief description of how the sentencing guidelines work in conjunction with ORS 163.425 (second-degree sexual abuse) and

---

[3] For example, defendant's longest sentence for any offense was for 36 months, but would only have been for 30 months if defendant's crime score had been "6." (The length of the longest sentence is the pertinent one, because the trial court ordered that the proportionately shorter sentences for the other four convictions be served concurrently with the longest sentence.)

ORS 163.355 (third-degree rape). As an initial matter, we note that those statutes describe each respective crime as a Class C felony. ORS 163.425(2); ORS 163.355(2). The potential disproportionality problem is not in the statutes themselves, but in the sentencing guidelines, which provide "crime seriousness scores" for each of those crimes.

Sexual abuse in the second degree—the crimes of conviction—has a crime score of "7" under OAR 213-017-0005 of the Oregon sentencing guidelines. As noted, in this case, that crime involved factually (if not legally) consensual sexual intercourse with victims aged 16 or 17. Defendant points out, however, that, if he instead had had the same kind of sexual intercourse with victims aged 14 or 15, in violation of ORS 163.355[4]—a more serious offense in light of the younger age of the victims—his crime score under the Oregon sentencing guidelines would have been the lower crime seriousness score of "6," not the higher crime seriousness score of "7." *See* OAR 213-017-0006 (providing for that lower crime score for the offense of rape in the third degree).

Before sentencing, defendant objected[5] to his crime score on the ground that it was not proportionate to his offense and therefore violated the proportionality principle enshrined in Article I, section 16, of the Oregon Constitution.[6]

Under Article I, section 16, a "penalty" is the amount of time that an offender must spend in prison for his "offense." *State v. Rodriguez/Buck*, 347 Or 46, 60, 217 P3d 659 (2009). An "offense" is a defendant's "particular conduct toward the victim that constitute[s] the crime." *Id*. at 62. There are two bases on which a particular sentence may violate the proportionality principle. In the first, a sentence may

---

[4] ORS 163.355(1) provides that "[a] person commits the crime of rape in the third degree if the person has sexual intercourse with another person under 16 years of age."

[5] Defendant's objection was made in writing before sentencing. The state argues that, by not renewing the objection orally at the time of imposition of sentence, defendant waived his objection. We disagree. The matter was clearly called to the trial court's attention at a time and in a manner that alerted the judge concerning the issue. That was sufficient.

[6] Article I, section 16, provides, in part, "[A]ll penalties shall be proportioned to the offense."

be impermissible if its severity is inappropriate, given the defendant's criminal act. *See id.* at 63 (illustrating principle). In the second, a penalty is impermissible if it is disproportionately severe when compared to a sentence that may be imposed for other, related crimes. *Id.* Defendant's arguments in this case are based on the latter rationale.[7]

Defendant argues that, under settled law in this jurisdiction, a sentence is impermissible if it is more severe than that which may be imposed under related statutes for other, more serious criminal activity of the same type. Defendant is correct that this court and the Supreme Court have long viewed this concept, colloquially referred to as "vertical proportionality," as an element of the protection provided by Article I, section 16. *See, e.g., Cannon v. Gladden*, 203 Or 629, 281 P2d 233 (1955) (penalty for assault with intent to commit rape impermissibly greater than penalty for completed rape); *State v. Koch*, 169 Or App 223, 7 P3d 769 (2000) (to same effect respecting sentences for two kinds of forgery). Defendant asserts that the principle of vertical proportionality applies to the present facts and makes the sentence grid block assigned for defendant's offenses impermissible.

We agree. Each of the charges for which defendant was convicted involved sexual intercourse with a victim under the age of 18. ORS 163.425(1)(a). The offense so committed—sexual abuse in the second degree—carries a crime score of "7." However, if defendant had had the same kind of sexual intercourse with still younger victims (aged 14 or 15), he could have been charged with third-degree rape, ORS 163.355, the crime seriousness score for those offenses would have been "6," and defendant's presumptive sentences for them would have been less severe.

The foregoing circumstances make this case a textbook example for the application of the principle of vertical proportionality: Defendant's acts in committing sexual abuse in the second degree necessarily are less severe than the same acts would have been if defendant's victims had been

---

[7] Or so we read them. The state, for its part, has assumed that defendant's argument derived from the first basis. It therefore has gone to some length to distinguish *Rodriguez/Buck*. Unfortunately, that argument, even if well taken, does not address defendant's theory of the case.

younger, but the potential penalty for defendant's acts is greater than the potential penalty for the same acts against younger victims.[8] Such a scheme does not comport with the standard set by Article I, section 16. Defendant's sentences must be vacated and the case remanded for resentencing.

In C081971CR and C081781CR, sentences vacated; remanded for resentencing; otherwise affirmed.

---

[8] We recognize that is it *possible* that, given the interpretation of ORS 163.425 in *Stamper*, a person who has sexual intercourse with a willing 14 or 15 year old might be charged under ORS 163.425 (second-degree sexual abuse) rather than ORS 163.355 (third-degree rape). That does not change the result here. "Vertical proportionality" is measured by the sentences that are available for the conduct at issue, not on what any individual defendant actually receives. *See, e.g., State v. Shumway*, 291 Or 153, 161-64, 630 P2d 796 (1981) (comparing statutorily prescribed *minimum* sentences for murder and aggravated murder). The key here is that a lesser sentence is available for the defendant who has sexual intercourse with a 14- or 15-year-old victim than is available for the defendant charged under ORS 163.425(1)(a) with the identical act where the victim is 16 or 17 years old.