Submitted April 6, affirmed October 19, 2011

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## WILLIE BANKS,
*Defendant-Appellant.*

Washington County Circuit Court
C052439CR; A144078

265 P3d 50

Erin Galli and Chilton & Galli, LLC, filed the brief for appellant.

John R. Kroger, Attorney General, Mary H. Williams, Solicitor General, and Timothy A. Sylwester, Attorney-in-Charge, Capital Cases, filed the brief for respondent.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Nakamoto, Judge.

WOLLHEIM, J.

**WOLLHEIM, J.**

Defendant appeals a judgment extending his probation to six years from the date of the initial sentencing. Defendant argues that, under ORS 137.010, his probation could be extended only to five years, not six. Defendant acknowledges that he did not raise the issue below, but urges us to reverse on the basis of error apparent on the face of the record. ORAP 5.45(1); *see Ailes v. Portland Meadows, Inc.*, 312 Or 376, 823 P2d 956 (1991). The state responds that we should not exercise our discretion to correct the alleged error because defendant may have made a strategic decision not to object. We agree with the state and, accordingly, we affirm.

The facts are undisputed. In February 2006, defendant pleaded guilty to attempted unauthorized use of a vehicle, which is a misdemeanor. The court imposed two years of bench probation and compensatory fines of $3,686.10, which the court ordered defendant to pay at a rate of $50 per month. Defendant failed to make payments and, in October 2007, the court issued a bench warrant for defendant's arrest. At the hearing on defendant's probation violation, defendant stated that he had not been able to make payments because he had been incarcerated. The court extended defendant's probation until February 2012 and ordered defendant to pay $50 per month until his obligations were paid in full. The court stated that defendant would have to pay the amount in full within 90 days of the end of his probation term. Defendant did not object to the court's order.

On appeal, defendant asserts that the trial court erred in extending his probation to February 2012 because, under ORS 137.010, his probation on a misdemeanor conviction could be extended only to five years, not six. We review a trial court's sentencing decision for errors of law.

ORS 137.010 provides, in pertinent part:

"(3)  Except when a person is convicted of a felony committed on or after November 1, 1989, if the court is of the opinion that it is in the best interest of the public as well as of the defendant, the court may suspend the imposition or execution of any part of a sentence for any period of not more than five years. The court may extend the period of

suspension beyond five years in accordance with subsection (4) of this section.

"(4)    If the court suspends the imposition or execution of a part of a sentence for an offense other than a felony committed on or after November 1, 1989, the court may also impose and execute a sentence of probation on the defendant for a definite or indefinite period of not more than five years. However, upon a later *finding* that a defendant sentenced to probation for a *felony* has violated a condition of the probation and in lieu of revocation, the court may order the period of both the suspended sentence and the sentence of probation extended until a date not more than six years from the date of original imposition of sentence."

(Emphasis added.) Attempted unauthorized use of a vehicle is a Class A misdemeanor. ORS 161.405(2)(d); ORS 164.135(2).[1] Under ORS 137.010(3), if a person is convicted of a misdemeanor, the court may suspend the imposition of that person's sentence for up to five years. Under subsection (4), the court may impose a sentence of probation on the defendant of up to five years. Subsection (4) goes on to say that, if the court makes a "later finding that a defendant sentenced to probation for a felony has violated a condition of the probation," the court may extend the period of the suspended sentence and the sentence of probation to no more than six years from the date of the original sentence.

Defendant makes a statutory construction argument that the trial court is limited to extending a defendant's probation violation to five years because defendant was sentenced on a *misdemeanor* conviction and was not sentenced on a *felony* conviction. Here, the court did not make a later finding that defendant was sentenced to probation for a felony and had violated a condition of the probation, because defendant was not sentenced to probation for a felony. Thus, defendant concludes, the trial court erred when it extended defendant's probation to six years from the date of the original sentence.

---

[1] ORS 161.405(2)(d) provides that an attempt is a Class A misdemeanor if the offense attempted is a Class C felony and, under ORS 164.135(2), unauthorized use of a vehicle is a Class C felony.

However, because defendant did not preserve this issue, we must decide whether to correct this error as plain error. We may consider an unpreserved error if it is an error of law that is apparent on the face of the record. ORAP 5.45(1); *Ailes*, 312 Or at 381. Even if an error is apparent on the face of the record, we must then determine whether to exercise our discretion to reach and correct the error. *Id*. at 382. In deciding whether to consider an error of law apparent on the face of the record, we consider

"the competing interests of the parties; the nature of the case; the gravity of the error; the ends of justice in the particular case; how the error came to the court's attention; and whether the policies behind the general rule requiring preservation of error have been served in the case in another way, *i.e.*, whether the trial court was, in some manner, presented with both sides of the issue and given an opportunity to correct any error."

*Id*. at 382 n 6. We also take into consideration "any strategic purpose that [the] defendant may have had in not objecting to the trial court's course of action" and "the interest of the judicial system in avoiding unnecessary repetitive sentencing proceedings, as well as its interest in requiring preservation of error." *State v. Fults*, 343 Or 515, 520, 523, 173 P3d 822 (2007).

The state argues that we should not exercise our discretion to correct the alleged error because defendant may have had a strategic purpose in not objecting to the trial court's decision to extend his probation. According to the state, when the court extended defendant's probation, that extension gave defendant an additional year to pay his compensatory fines (at a rate of $50 per month), which had to be paid in full within 90 days of the end of his probation term. Thus, by not objecting to the trial court's error, the state suggests, defendant gained more time to complete payment of his financial obligations and avoided revocation of probation and imposition of a jail sentence.

Because we accept the state's argument that defendant may have had a strategic purpose in not objecting to the

trial court's decision to extend his probation to six years, we will not exercise our discretion to correct the alleged error.

Affirmed.