Submitted March 29, affirmed November 2, 2011

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JASON ALLEN CHASE,
*Defendant-Appellant.*

Lane County Circuit Court
200827328, 220827327, 230808195;
A143587 (Control), A143588, A143589

265 P3d 94

Andrew S. Chilton and Chilton & Galli, LLC, filed the brief for appellant.

John R. Kroger, Attorney General, Mary H. Williams, Solicitor General, and Karla H. Ferrall, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Sercombe, Judge, and Rosenblum, Senior Judge.

ROSENBLUM, S. J.

**ROSENBLUM, S. J.**

In this consolidated appeal, defendant appeals from three judgments revoking probation. Defendant was serving terms of probation for two convictions for felony unlawful possession of methamphetamine, ORS 475.894, and a conviction for misdemeanor assault in the fourth degree, ORS 163.160(1), (2). He was sentenced to 36 months' probation for the assault conviction and 18 months' probation for each of the possession convictions. At a subsequent probation violation hearing, defendant admitted that he had violated the terms of his probation because he failed to participate in treatment and failed to remain under the supervision of the probation department. The trial court revoked probation on all three convictions. As a sanction for violating probation on the possession of methamphetamine convictions, the court imposed concurrent 60-day sentences. On the misdemeanor fourth-degree assault, the court imposed a term of six months' incarceration.

Defendant appeals, contending that the court's imposition of 6 months' incarceration violates the proportionality clause of Article I, section 16, of the Oregon Constitution. He maintains that the maximum sanction he could have received for violating probation on a felony assault conviction was 60 days under ORS 137.545(5)(b) (2009), so the court's imposition of six months' incarceration as a revocation sanction on a misdemeanor assault conviction is unconstitutionally disproportionate. We conclude that, even assuming without deciding that the proportionality clause requires us to compare a revocation sanction for misdemeanor assault with the revocation sanction available for felony assault, defendant failed to establish that he received a harsher revocation sanction for his misdemeanor assault than he would have received if he violated his probation after being convicted of felony assault. Accordingly, we affirm.

The proportionality clause of Article I, section 16, provides that "all penalties shall be proportioned to the offense." In evaluating claims that a punishment violates the proportionality clause, Oregon courts examine whether a punishment is so disproportionate to the offense committed so as to "shock the moral sense" of reasonable people. *State v.*

*Rodriguez/Buck*, 347 Or 46, 57-58, 217 P3d 659 (2009). The "shock the moral sense" standard is high, such that courts find a penalty to be disproportionately severe only in "rare circumstances." *Id.* at 58. As we recently explained, "[t]here are two bases on which a particular sentence may violate the proportionality principle." *State v. Simonson*, 243 Or App 535, 540-41, 259 P3d 962 (2011). First, a sentence may be unconstitutional "if its severity is inappropriate, given the defendant's criminal act." *Id.* Second, a sentence "is impermissible if it is disproportionately severe when compared to a sentence that may be imposed for other, related crimes." *Id.* at 541.

In this case, defendant focuses exclusively on the second rationale, citing *Cannon v. Gladden*, 203 Or 629, 281 P2d 233 (1955), for the "bright-line rule" that the sentence for a lesser-included offense may not exceed the maximum sentence for the greater offense—a concept otherwise known as the principle of vertical proportionality. *Cannon* involved a defendant sentenced to life imprisonment for his conviction for assault with intent to commit rape. The Supreme Court noted that the maximum sentence for the completed crime of rape was 20 years' imprisonment and concluded that the defendant's sentence was "shocking to the moral sense" of reasonable people. It explained:

> "How can it be said that life imprisonment for an assault with intent to commit rape is proportioned to the offense when the greater crime of rape authorizes a sentence of not more than 20 years? It is unthinkable, and shocking to the moral sense of all reasonable men as to what is right and proper, that in this enlightened age jurisprudence would countenance a situation where an offender, either on a plea or verdict of guilty to the charge of rape, could be sentenced to the penitentiary for a period of not more than 20 years, whereas if he were found guilty of the lesser offense of assault with intent to commit rape he could spend the rest of his days in the bastile."

*Id.* at 632-33.

Since *Cannon*, Oregon's appellate courts have consistently concluded that the sentence imposed for a lesser-included offense may not exceed the maximum sentence for the greater crime. *See State v. Shumway*, 291 Or 153, 164,

630 P2d 796 (1981) (applying vertical proportionality to conclude that the portion of a sentence that required the defendant to serve a minimum of 25 years before being eligible for parole was invalid under Article I, section 16, because it required a lesser minimum sentence for aggravated intentional homicide than "unaggravated" intentional homicide); *State v. Dobash*, 210 Or App 145, 148, 149 P3d 1235 (2006) (determining that the defendant's sentence was not unconstitutional because the maximum sentence allowed by law for first-degree theft was at least five years' probation, which was greater than the four years' probation that the defendant received for second-degree theft); *State v. Koch*, 169 Or App 223, 7 P3d 769 (2000) (holding a 24-month sentence for forgery unconstitutional because it exceeded the maximum sentence that the defendant could have received for a more serious forgery conviction).

In this case, defendant maintains that vertical proportionality requires the conclusion that his probation revocation sentence of six months' imprisonment is unconstitutional. He asserts that misdemeanor assault in the fourth degree is a lesser-included offense of several assault crimes that are felonies, citing ORS 163.165 (assault in the third degree), ORS 163.160(3) (felony assault in the fourth degree), and ORS 163.208 (assault on a public safety officer). At the time of his probation revocation, ORS 137.545(5)(b) (2009) limited revocation sanctions to 60 days' incarceration for a defendant originally sentenced to a presumptive period of probation under the felony sentencing guidelines, unless the revocation was a result of a conviction for a new crime.[1] However, because defendant was convicted of misdemeanor

---

[1] ORS 137.545(5)(b) provided that,

"[f]or defendants sentenced for felonies committed on or after November 1, 1989, the court that imposed the probationary sentence may revoke probation supervision and impose a sanction as provided by rules of the Oregon Criminal Justice Commission. If the defendant was sentenced to a presumptive period of probation, the court may not impose a term of incarceration that exceeds 60 days as a revocation sanction unless the revocation is the result of the defendant's conviction for a new crime."

For ease of reference, all citations to ORS 137.545(5)(b) in this opinion refer to the 2009 version of the statute.

As noted, defendant's probation revocation was not the result of a conviction for a new crime.

fourth-degree assault, the court was not constrained by ORS 137.545(5)(b) and imposed six months' incarceration as a revocation sanction. *See* ORS 161.615(1) (establishing maximum prison term of one year for Class A misdemeanors); ORS 137.010 (granting trial court discretion in sentencing for misdemeanor offenses). Defendant contends that his sentence was unconstitutionally disproportionate because he received a harsher sentence as a revocation sanction on a misdemeanor assault conviction than he would have received as a revocation sanction on a felony assault conviction.

Initially, we note that this case presents differently than the typical vertical proportionality case. First, *Cannon* and its like evaluated sentences imposed at the time of conviction, not sentences imposed as a probation revocation sanction. Second, defendant asks us to compare a sentence for a felony conviction with a sentence imposed for a misdemeanor conviction—illuminating a disconnect between the application of the sentencing guidelines for felony convictions and the lack of such a structure for misdemeanor convictions. *See State v. Rice*, 114 Or App 101, 106-07, 836 P2d 731, *rev den*, 314 Or 574 (1992) (concluding that, where a felony conviction for a greater offense would have resulted in a mandatory sentence of probation, but the defendant was convicted of a misdemeanor and the trial court exercised its discretion to impose a term of incarceration, the misdemeanor sentence did not violate the proportionality clause).

Nevertheless, we need not address how those differences might affect the analysis in a vertical proportionality case because, even assuming *arguendo* that we must compare the revocation sanction for misdemeanor assault with the revocation sanction available for felony assault, defendant failed to establish that, had he originally been convicted of felony assault, ORS 137.545(5)(b) would have limited his revocation sanction to 60 days.

As noted, ORS 137.545(5)(b) applied to defendants sentenced for felonies committed on or after November 1, 1989, and it limited the term of incarceration as a revocation sanction to 60 days "[i]f the defendant was sentenced to a presumptive period of probation." Defendant argues on appeal

that the six months he received exceeds the 60 days he would have received if he had been convicted of felony assault. Therefore, defendant's argument depends on the conclusion that he would have been sentenced to a "presumptive period of probation" had he been convicted of one of the felony assault crimes that he lists as a greater offense. Defendant, however, assumes without explaining that the 60-day limitation would have applied to him. The record fails to support that assumption.

OAR 213-005-0007 establishes that, if an offense is classified below the dispositional line in the sentencing guidelines grid block, the presumptive sentence is probation. The three crimes that defendant identified as greater offenses of misdemeanor fourth-degree assault fall in category 6 of the crime seriousness scale under the sentencing guidelines. OAR 213-017-0006(13) - (15). The record is not explicit as to what defendant's criminal history score would have been at the time of his conviction for assault, but it shows that he would have been assigned category E or greater.[2] Grid block 6-E and greater carry a presumptive sentence of imprisonment, not probation. *See* OAR chapter 213, Appendix 1 (establishing presumptive sentence of 10 to 12 months' imprisonment for grid block 6-E and higher presumptive sentences of imprisonment for grid blocks 6-A to 6-D). Accordingly, the limitation in ORS 137.545(5)(b) would not have applied to defendant if he had originally been convicted of felony assault. Under the vertical proportionality principle, therefore, defendant did not receive a harsher sentence for a lesser-included offense than he could have received for a greater offense because had he been convicted of felony assault, he would not have received a presumptive

---

[2] The trial court sentenced defendant on the same day for both the misdemeanor assault conviction and the second of defendant's possession convictions at issue in this case. The trial court classified defendant in grid block 1-E for sentencing on the possession conviction. A criminal history score of E reflects that defendant's record included "four or more adult convictions for non-person felonies" and no person felonies. OAR 213-004-0007. Thus, the misdemeanor assault conviction did not play a role in that score. In other words, defendant's criminal history score was E at the outset of the sentencing hearing. Consequently, had defendant been convicted of a felony assault instead of a misdemeanor, his score for that conviction would have been E as well.

sentence of probation and his revocation sanction would not have been limited to 60 days.

Affirmed.