Argued and submitted July 31, reversed and remanded for resentencing;
otherwise affirmed August 29, 2012

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

RICHARD LAWSON DECAMP,
aka Richard Jawson Decamp,
*Defendant-Appellant.*

Deschutes County Circuit Court
09FE1560SF; A146540

285 P3d 1130

Marc D. Brown, Deputy Public Defender, argued the cause for appellant. With him on the briefs was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Karla Ferrall, Assistant Attorney General, argued the cause for respondent. With her on the briefs were John R. Kroger, Attorney General, and Anna M. Joyce, Solicitor General.

Before Armstrong, Presiding Judge, and Brewer, Judge, and Duncan, Judge.

PER CURIAM

## PER CURIAM

Defendant was convicted, following a trial to the court, of six counts of sexual abuse in the second degree, ORS 163.425(1)(a), and three counts of unlawful delivery of methamphetamine to a minor, ORS 475.890(3). He appeals, contending, first, that the trial court erred in excluding evidence that he voluntarily took a polygraph exam and, consequently, that his convictions for second-degree sexual abuse must be reversed. We reject that argument without discussion.

In a supplemental brief, defendant further argues that the trial court plainly erred in calculating his sentences on the second-degree sexual abuse convictions[1] and that we should exercise our discretion to correct the error. See ORAP 5.45(1); *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991). Specifically, defendant contends that, under our decision in *State v. Simonson*, 243 Or App 535, 259 P3d 962 (2011), it was plain error for the court to assign a sentencing guidelines crime seriousness score of "7" to those offenses. The state responds that our opinion in *Simonson* was wrongly decided. It further contends that, "because defendant could have received a longer sentence for six consecutive counts with a score of six than he did for three consecutive and three concurrent counts with a score of seven, no disproportionality is obvious on the face of this record."

We agree with defendant that the asserted error constitutes plain error. This case is materially indistinguishable from *Simonson*, in which we held that application of a crime seriousness score of "7" for second-degree sexual abuse involving sexual intercourse with victims aged 16 or 17 violated the vertical proportionality requirement of Article I, section 16, of the Oregon Constitution because third-degree rape, involving the same conduct with still younger victims, has a lower crime seriousness score, resulting in a shorter presumptive sentence for more serious conduct. 243 Or App at 541-42. Thus, the asserted error is a legal error. Furthermore, we reject the state's

---

[1] The court imposed consecutive 24-month sentences on three of those convictions and concurrent 24-month sentences on the remaining three.

argument that the error is not "obvious." As we explained in *Simonson*, "'Vertical proportionality' is measured by the sentences that are available for the conduct at issue, not on what any individual defendant actually receives." *Id.* at 542 n 8.

We also conclude that it is appropriate for us to exercise our discretion to correct the error in this case. Application of a crime seriousness score of 6 rather than 7 yields a lower presumptive sentence for each of defendant's six second-degree sexual abuse convictions; thus, it is possible that defendant could receive a substantially shorter prison term on remand. Moreover, the state has no interest in sustaining a constitutionally infirm sentence. *See Ailes*, 312 Or at 382 n 6 (identifying "the gravity of the error" and "the competing interests of the parties" as factors to be considered in deciding whether to exercise discretion to consider plain error).

Reversed and remanded for resentencing; otherwise affirmed.