Submitted August 29, reversed and remanded for resentencing; otherwise affirmed September 26, 2012

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

BRANDON EDWARD BURGE,
*Defendant-Appellant.*

Lane County Circuit Court
200925551; A146256

288 P3d 565

Peter Gartlan, Chief Defender, and Louis R. Miles, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Anna M. Joyce, Solicitor General, and Doug M. Petrina, Senior Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Haselton, Chief Judge, and Sercombe, Judge.

PER CURIAM

## PER CURIAM

Defendant pleaded guilty to several crimes, including three counts of failure to perform duties of a driver to injured persons, ORS 811.705, and was found guilty of numerous other offenses, including 12 counts of second-degree sexual abuse, ORS 163.425. On appeal, defendant assigns as plain error the trial court's failure to use the "shift-to-column-I/200%" rule when imposing consecutive sentences on the convictions for failure to perform duties of a driver. We reject defendant's first three assignments of error, all of which relate to that issue, without further discussion.

Defendant also contends that the trial court plainly erred in using the crime seriousness score of 7 to impose sentences on 12 counts of second-degree sexual abuse, and that we should exercise our discretion to correct the error. *See* ORAP 5.45(1); *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991) (to qualify as plain error, the claimed error must be "not reasonably in dispute"). Defendant points to *State v. Simonson*, 243 Or App 535, 259 P3d 962 (2011), in which we held that use of a crime seriousness score of 7 for second-degree sexual abuse created a "vertical proportionality" problem under Article I, section 16, of the Oregon Constitution. In that case, we determined that a crime seriousness score of 7 for second-degree sexual abuse involving sexual intercourse with victims under the age of 18 was constitutionally infirm because the "more serious" crime of third-degree rape carried a crime seriousness score of 6 and would have resulted in a shorter presumptive sentence. *Id.* at 540-42.

The state contends that *Simonson* was wrongly decided and, alternatively, that it is distinguishable because, in this case, at least some of defendant's victims were under the age of 16 and thus defendant actually committed the "greater" offense of third-degree rape even though he was charged with second-degree sexual abuse. Consequently, according to the state, the "lesser associated sentence" with third-degree rape was theoretically available.

We agree with defendant that the asserted error constitutes plain error. This case involves the same legal issue as *Simonson*, in which we held that the sentencing

guidelines violated vertical proportionality by imposing a crime score of 7 for second-degree sexual abuse, ORS 163.425(1)(b)(A), in comparison with a crime score of 6 for third-degree rape. Thus, the asserted error is legal error. We also reject the state's argument that the error is not "obvious" because *Simonson* is distinguishable. As we noted in *Simonson*, vertical proportionality is measured by the sentences that are available for the conduct at issue, not on what any individual defendant actually receives. The same conduct is at issue in this case—sexual intercourse with a victim under the age of 18—as it was in *Simonson*.

We exercise our discretion to correct the error in this case given the potential for a shorter prison term on remand and because the state has no interest in sustaining a constitutionally infirm sentence. *See Ailes*, 312 Or at 382 n 6 (the "gravity of the error" and "competing interests of the parties" are factors to be considered in deciding whether to exercise discretion to consider plain error).

Reversed and remanded for resentencing; otherwise affirmed.