STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOSE BARAJAS, JR.,
*Defendant-Appellant.*

Lane County Circuit Court
200720981; A145096

292 P3d 636

Bear Wilner-Nugent argued the cause and filed the brief for appellant.

Karla H. Ferrall, Assistant Attorney General, argued the cause for respondent. With her on the briefs were John R. Kroger, Attorney General, and Mary H. Williams, Solicitor General.

Before Armstrong, Presiding Judge, and Haselton, Chief Judge, and Duncan, Judge.

DUNCAN, J.

**DUNCAN, J.**

In this criminal case, defendant appeals a judgment revoking probation and imposing sentences for one count of misdemeanor fourth-degree assault, ORS 163.160(1), and one count of felony fourth-degree assault, ORS 163.160(3)(c). He argues that his probation-revocation sentence on the misdemeanor count violated Article I, section 16, of the Oregon Constitution because it exceeded the maximum sentence permitted by law upon revocation of probation for felony fourth-degree assault, a more serious crime. We review defendant's sentence for errors of law, *State v. Banks*, 246 Or App 109, 111, 265 P3d 50 (2011), and affirm.

Defendant was charged by information with five crimes arising from an incident of domestic violence. He stipulated to facts that resulted in convictions on Count 1, felony fourth-degree assault, Count 3, tampering with a witness, ORS 162.285; and Count 4, misdemeanor fourth-degree assault. The assaults were against different victims. Count 1 was charged as a felony because of an aggravating factor, specifically, that the assault was "witnessed by a minor child or stepchild of the defendant or victim."

On Count 1, the trial court determined that defendant's grid block was 6H and imposed a presumptive sentence of 36 months of probation, subject to certain conditions, including 30 days in jail. On Count 3, the trial court imposed the same sentence and made it concurrent to that on Count 1. On Count 4, the trial court suspended the imposition of sentence and placed defendant on 36 months of probation subject to certain conditions, including 10 days in jail, to be served consecutively to the jail time imposed on Counts 1 and 3.

Eight months later, defendant's probation on Count 3, tampering with a witness, was revoked. He was sentenced to 12 months in jail, and the court continued his probation on the remaining two counts. Seventeen months after that revocation, the court ordered defendant to show cause why his remaining probations should not be revoked in light of new probation violations. Defendant admitted to the violations alleged, and the court revoked his remaining probations. On Count 1, felony fourth-degree assault, defendant received a sentence of six months in

prison and two years of post-prison supervision. OAR 213-010-0002(1); OAR 213-005-0002. On Count 4, misdemeanor fourth-degree assault, defendant received a sentence of 12 months in jail. ORS 161.615(1). Defendant appeals, arguing that his probation-revocation sentence on the misdemeanor fourth-degree assault violated Article I, section 16, because it exceeded the maximum probation-revocation sentence that a court can impose for a felony fourth-degree assault. Defendant contends that he "was sentenced to twice as much incarceration for misdemeanor assault in the fourth degree as for felony assault in the fourth degree, even though misdemeanor assault in the fourth degree is a lesser included offense of felony assault in the fourth degree." Therefore, defendant argues, his sentence "violates Article I, section 16, and must be reversed."

Article I, section 16, provides, in part, that "[c]ruel and unusual punishments shall not be inflicted, but all penalties shall be proportioned to the offense." That provision "bars the legislature from punishing a lesser-included offense \*\*\* more severely than the greater-inclusive offense[.]" *State v. Wheeler*, 343 Or 652, 677, 175 P3d 438 (2007). The Supreme Court has employed that "vertical proportionality" principle, *State v. Chase*, 246 Or App 389, 392, 265 P3d 94 (2011), to reverse defendants' convictions on the basis of disproportionality in two cases: *Cannon v. Gladden*, 203 Or 629, 281 P2d 233 (1955), and *State v. Shumway*, 291 Or 153, 630 P2d 796 (1981). In a recent opinion surveying the court's case law under the proportionality clause of Article I, section 16, the Supreme Court summarized those two cases:

> "In [*Cannon*], the defendant was charged with statutory rape, but was convicted of the lesser-included charge of assault with intent to commit rape. At that time, the maximum penalty for statutory or forcible rape was 20 years, while the maximum penalty for assault with intent to commit rape was life in prison. The defendant in *Cannon* was sentenced to life imprisonment. The court viewed the disparity between the two punishments as raising 'a grave constitutional question.' [203 Or] at 631. Applying the 'shock the moral sense' test to the facts of the case, the court held that the sentence violated the proportionality requirement:

"*****

"'How can it be said that life imprisonment for an assault with intent to commit rape is proportionate to the offense when the greater crime of rape authorizes a sentence of not more than 20 years? It is unthinkable, and shocking to the moral sense of all reasonable men as to what is right and proper, that in this enlightened age jurisprudence would countenance a situation where an offender, either on a plea or verdict of guilty to the charge of rape, could be sentenced to the penitentiary for a period of not more than 20 years, whereas if he were found guilty of the lesser offense of assault with intent to commit rape he could spend the rest of his days in the bastile [*sic*].[']

"*****

"The only case other than *Cannon* in which this court has concluded that a sentence violated the proportionality provision is [*Shumway*], where the court addressed another variant of the question of when a potentially longer sentence for a crime of lesser seriousness may violate the proportionality requirement. The defendant in *Shumway* was convicted of intentional homicide. He was sentenced to life in prison and required to serve 25 years before becoming for parole. However, if the defendant had been convicted of intentional homicide, committed with aggravating circumstances—*i.e*, a homicide even more serious than one simply committed intentionally—he would have been for parole either 15 or 20 years after sentencing, depending on the nature of the aggravating circumstances. As the court summarized the statutory scheme, '[A] defendant receives a lesser minimum sentence to be served before being for parole for aggravated intentional homicide than he does for an unaggravated intentional homicide.' [291 Or] at 164. The court concluded that such a disparity violated the proportionality clause of Article I, section 16, of the Oregon Constitution. As a remedy, the court held unconstitutional, as applied to the defendant, the statutory provision requiring him to serve not less than 25 years before becoming for parole, but otherwise upheld his life sentence. *Shumway*, 291 Or at 164."

*Wheeler*, 343 Or at 674-76 (third and fifth brackets in *Wheeler*).

Defendant contends that, under *Cannon* and *Shumway*, it was constitutionally disproportionate for him to receive a sentence of 12 months in jail upon revocation of probation on Count 4 because the maximum probation-revocation sentence that he could receive for a count of felony fourth-degree assault, under the relevant sentencing rule, OAR 213-010-0002(1), was six months of incarceration and two years of post-prison supervision.[1]

The state responds, first, that defendant failed to preserve his argument before the trial court. We reject that assertion without discussion. Next, the state argues that probation-revocation sentences are not "sentences" that are subject to Article I, section 16, and, consequently, the provision's proportionality requirement is inapplicable in this case.

We need not decide whether Article I, section 16, applies to sentences imposed upon revocation of probation because, even assuming, without deciding, that it does, defendant's 12-month jail sentence is not disproportionate. As noted, defendant contends that the proper comparator for his sentence on the misdemeanor fourth-degree assault is the maximum prison term to which he could be (and, coincidentally, was) sentenced upon revocation of his probation for felony fourth-degree assault.[2] We disagree.

The relevant comparison for purposes of Article I, section 16, is between "'the actual sentence imposed [for the defendant's offense and] the maximum sentence allowed by law for the greater offense.'" *State v. Dobash*, 210 Or App 145, 147, 149 P3d 1235 (2006) (quoting *State v. Koch*, 169 Or App 223, 227, 7 P3d 769 (2000)). Where "the

---

[1] OAR 213-010-0002 provides, in part:

"(1) For those offenders whose presumptive sentence was probation, the sentence upon revocation shall be to the supervisory authority for a term up to a maximum of six months.

"* * * * *

"(4) When imposing a revocation sanction, the sentencing judge shall also set a term of post-prison supervision in accordance with OAR 213-005-0002.

"(5) No revocation sanction may exceed the limitations established by this rule."

[2] Defendant argues that we should compare only terms of incarceration, not post-prison supervision. Our disposition obviates the need to address that issue.

actual sentence imposed" includes a jail term imposed upon revocation of probation on a lesser-included misdemeanor, the appropriate comparator is the maximum sentence that was originally available on the greater-inclusive felony. As explained below, that is so because, in revoking probation for a misdemeanor and imposing a jail sentence, a trial court is belatedly imposing the sentence that it could have imposed or did impose at the original sentencing, but which it decided to hold in abeyance in favor of probation. That sentence is punishment for the original offense. Consequently, in evaluating the vertical proportionality of the sentence imposed on a lesser-included misdemeanor, we compare it to the maximum sentence that was available at the original sentencing to punish the greater-inclusive felony.

When sentencing a defendant for a misdemeanor, "if the court is of the opinion that it is in the best interests of the public as well as of the defendant, the court may suspend the imposition or execution of any part of a sentence for any period of not more than five years." ORS 137.010(3). "If the court suspends the imposition or execution of a part of a sentence for [a misdemeanor], the court may also impose and execute a sentence of probation on the defendant for a definite or indefinite period of not more than five years." ORS 137.010(4). Thus, before a trial court imposes probation for a misdemeanor, it "suspends the imposition or execution of a part of" the available jail sentence. ORS 137.010(4).

Upon revoking a defendant's probation, the court may impose the sentence that it held in abeyance at the original sentencing:

"[F]or any misdemeanor, the court that imposed the probation, after summary hearing, may revoke the probation and:

"(A)    If the execution of some other part of the sentence has been suspended, the court shall cause the rest of the sentence imposed to be executed.

"(B)    If no other sentence has been imposed, the court may impose any other sentence which originally could have been imposed."

ORS 137.545(5)(a). The purpose of the imposition of that sentence is to punish the crime of conviction, not the probation violation. *State v. Maricich*, 101 Or App 212, 214, 789 P2d 701 (1990) (holding that a defendant may be convicted for the same conduct that caused his probation to be revoked because the purpose of the sentence imposed upon revocation is to punish the original offense, not the violation); *State v. Eckley*, 34 Or App 563, 567, 579 P2d 291 (1978) (reasoning that the function of a probation-revocation proceeding "is to determine whether to impose or execute a sentence for the offense of which defendant has already been convicted and for which probation was granted").[3]

Thus, when a court imposes a jail term after revoking a defendant's probation on a misdemeanor, the sentence punishes the original offense by imposing a penalty that the court could have imposed or did impose at the time of the original sentencing. The comparable sentence on a felony is the maximum sentence that the defendant could have received at the time of the original sentencing, that is, the punishment for the original offense.

When the sentence for the greater-inclusive offense is governed by the sentencing guidelines, the proper comparator is the maximum departure sentence available for the grid block representing the intersection of the defendant's criminal history score and the crime's seriousness rating. *Koch*, 169 Or App at 226, 230 (holding that "the maximum sentence that [the] defendant lawfully could have received [on a greater-inclusive offense] would have been an 18-month term of incarceration," the maximum departure sentence for the defendant's grid block); *see also Dobash*, 210 Or App at 148 (comparing the defendant's sentence on a lesser-included misdemeanor to,

---

[3] Both *Maricich* and *Eckley* involve felonies committed before November 1, 1989, the date on which the felony sentencing guidelines went into effect. We express no opinion regarding their continuing validity with regard to felonies committed after the guidelines went into effect. *See generally State v. Newell*, 238 Or App 385, 395, 242 P3d 709 (2010) (explaining that the *Oregon Sentencing Guidelines Implementation Manual* 170 (1989) "provides that '[t]he sanctions described by [OAR 213-010-0002] are penalties for supervision violation and *do not directly relate to the crime of conviction*'" (brackets and emphasis in *Newell*)). However, the principle explained in those cases remains effective with regard to misdemeanors, which are not subject to the guidelines.

*inter alia*, the maximum departure sentence available on a greater-inclusive felony). Here, the maximum departure for felony fourth-degree assault, for someone with defendant's criminal history, is 18 months in prison. OAR 213-008-0005(1)(c). That 18-month prison sentence exceeds the 12 months in jail that defendant actually received on the misdemeanor. Consequently, the misdemeanor sentence was not constitutionally disproportionate.

Affirmed.