No. 735 October 16, 2024 515

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MICHAEL JAMES PFAU,
*Defendant-Appellant.*

Clackamas County Circuit Court
21CR06845; A180283

Ann M. Lininger, Judge.

Submitted August 28, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Bruce A. Myers, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Doug M. Petrina, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Mooney, Judge, and Pagán, Judge.

SHORR, P. J.

Affirmed.

**SHORR, P. J.**

Defendant appeals from a judgment of conviction for second-degree trespassing, assigning error to the trial court's sentencing decision to revoke his hunting license for 36 months pursuant to ORS 497.415. For the following reasons, we reject defendant's assignment of error and affirm the judgment of the trial court.

A full recitation of the facts would not benefit the bench, the bar, or the public. Defendant was charged by information with one count of a criminal wildlife violation, ORS 498.002 (Count 1), and one count of criminal trespass in the second degree, ORS 164.245 (Count 2). The information alleged that defendant violated ORS 498.002 by assisting another in hunting while intentionally trespassing. The information further alleged that defendant violated ORS 164.245 by unlawfully and knowingly entering or remaining upon property closed to the public. At trial, the jury acquitted defendant on Count 1 but found defendant guilty on Count 2. At the sentencing hearing, pursuant to ORS 497.415, the trial court suspended defendant's hunting license for 36 months. ORS 497.415 allows a court to revoke a hunting license in limited circumstances, including, as relevant here, when a person is convicted of a violation of ORS 164.245, committed while the person was hunting.

Defendant asserts first that the jury's acquittal on the wildlife violation charge of hunting while trespassing precluded the trial court from revoking his hunting license under ORS 497.415. Second, defendant contends that the state violated his right to a jury under Article I, section 11, of the Oregon Constitution[1] when it revoked his hunting license. At a minimum, defendant contends that the trial court plainly erred by suspending his license without a jury determination that he was hunting. "We review a trial court's sentencing decision for errors of law." *State v. Banks*, 246 Or App 109, 111, 265 P3d 50 (2011).

Defendant argues that the jury's acquittal on the wildlife charge precluded the trial court from making the

---

[1] Article I, section 11, of the Oregon Constitution provides, in relevant part, "In all criminal prosecutions, the accused shall have the right to public trial by an impartial jury ***."

determination that defendant was hunting, which was necessary to revoke his hunting license under ORS 497.415. We disagree. The trial court's determination that defendant was hunting was based on a preponderance of the evidence. *See State v. MacNab*, 334 Or 469, 480, 51 P3d 1249 (2002) (listing driver license suspensions and Oregon State Bar suspensions as "civil sanctions"); *see also Jackson County v. Roark*, 124 Or App 505, 507, 863 P2d 491 (1993), *rev den*, 319 Or 36, *cert den*, 513 US 899, 115 S Ct 255, 130 L Ed 2d 176 (1994) (concluding that the applicable burden in a civil penalty proceeding brought under Oregon's drug paraphernalia laws is proof by a preponderance of the evidence). The trial court's determination under that lesser standard was not inconsistent with the jury's decision that the state had not proved all of the elements of the wildlife violation beyond a reasonable doubt. *See State v. Mendez*, 211 Or App 311, 323, 155 P3d 54, *rev den*, 343 Or 160 (2007) (concluding that different triers of fact applying different standards of proof can "render different findings of the same fact without any inconsistency"); *see also United States v. One Assortment of 89 Firearms*, 465 US 354, 362, 104 S Ct 1099, 79 L Ed 2d 361 (1984) (stating that an acquittal in a "criminal action [does] not negate the possibility that a preponderance of the evidence could show" that defendant was engaged in the conduct at issue). The jury's acquittal on the wildlife violation of hunting while trespassing did not preclude the trial court from determining that defendant was hunting for purposes of revoking his hunting license.

Defendant argues next that he has a state constitutional right to a jury determination that he was hunting before the state may revoke his hunting license. He contends that that argument is preserved, but in the event that we disagree, he requests plain error review. Having reviewed the record, we conclude that that argument is unpreserved, as defendant did not raise before the trial court any argument regarding his right to a jury trial on that issue. *See State v. Wyatt*, 331 Or 335, 343, 15 P3d 22 (2000) (stating that to preserve an issue for appellate review, a party must provide the trial court with an "objection that is specific enough to ensure that the court can identify its alleged error with enough clarity to permit it to consider and correct

the error"). Furthermore, we conclude that any error is not plain. *See Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381, 823 P2d 956 (1991) (stating that the error must be "obvious" and "not reasonably in dispute"). Defendant cites no law providing the right to a jury in a hunting license revocation proceeding, and it is not obvious that defendant has such a right.

For the reasons discussed above, we conclude that the trial court did not err in suspending defendant's hunting license.

Affirmed.