Submitted July 6, affirmed August 9, 2023

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

STEVEN JOHN DURANT,
*Defendant-Appellant.*

Lane County Circuit Court
21CR32255, 20CR27048;
A177420 (Control), A177289

535 P3d 808

Defendant was convicted of resisting arrest, ORS 162.315, and his probation was revoked as a result. In a consolidated appeal, he argues that the trial court erred in failing to intervene *sua sponte* to strike improper statements by the prosecutor during rebuttal closing argument. Defendant did not object to the challenged statements at trial, so he requests plain-error review. *Held*: Under recent Supreme Court case law, for challenged prosecutorial statements in closing argument to which the defendant did not object to qualify as "plain" error, it must be beyond dispute that the prosecutor's statements were so prejudicial as to have denied the defendant a fair trial. The statements at issue on appeal in this case were not so egregious that they could not have been adequately addressed by striking or a curative instruction, and therefore do not meet the standard for plain-error review.

Affirmed.

Kamala H. Shugar, Judge. (Case No. 21CR32255, Judgment entered Sept 1, 2021)

Charles M. Zennaché, Judge. (Case No. 20CR27048, Judgment entered Oct 6, 2021)

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Nora Coon, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Robert C. Hansler, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, and Joyce, Judge, and Jacquot, Judge.

AOYAGI, P. J.

Affirmed.

**AOYAGI, P. J.**

In this consolidated appeal, defendant appeals the judgment of conviction in case number 21CR32255, in which he was convicted of resisting arrest, and the judgment revoking his probation in case number 20CR27048. Defendant raises four assignments of error, all of which pertain to allegedly improper statements made by the prosecutor during rebuttal closing argument in case number 21CR32255. On plain-error review, defendant contends that the trial court plainly erred by failing to intervene *sua sponte* to either strike the improper statements, give a curative instruction, or declare a mistrial. We conclude that it is not beyond dispute that the prosecutor's statements were so prejudicial as to have denied defendant a fair trial. We therefore affirm.

"Generally, an issue not preserved in the trial court will not be considered on appeal." *State v. Wyatt*, 331 Or 335, 341, 15 P3d 22 (2000). However, we have discretion to correct a "plain" error. ORAP 5.45(1). An error is "plain" when it is an error of law, the legal point is obvious and not reasonably in dispute, and the error is apparent on the record without our having to choose among competing inferences. *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013). It is a matter of discretion whether we will correct a plain error. *State v. Gornick*, 340 Or 160, 166, 130 P3d 780 (2006).

The Supreme Court recently addressed in *State v. Chitwood*, 370 Or 305, 307, 518 P3d 903 (2022), how to approach plain-error review in the specific context of a challenge to prosecutorial statements in closing argument to which the defendant did not object. In short, "appellate review is permitted, and reversal may be warranted if 'it is beyond dispute that the prosecutor's comments were so prejudicial as to have denied defendant a fair trial.'" *Id*. at 312 (quoting *State v. Montez*, 324 Or 343, 357, 927 P2d 64 (1996), *cert den*, 520 US 1223 (1997)). All of the requirements for plain error must be met, including that the error is an error of law. *Id*. at 321-22. To establish an error of law in this context, "a defendant who seeks review of an unpreserved challenge to prosecutorial statements must demonstrate that the statements were so prejudicial that they deprived

the defendant of a fair trial." *Id.* at 313-14; *see also id.* at 317 ("The prosecutor's improper comments are reviewable as 'plain error' only if they constitute legal error, and they rise to that level only if they are so prejudicial that they deprived defendant of a fair trial.").

We further understand *Chitwood* to clarify that, when a prosecutor makes improper statements at trial, and the defendant does not object, we may reverse on plain-error review only if the statements were so egregious that striking them or giving a curative instruction would have been insufficient. The defendant in *Chitwood* asserted that the trial court had committed a plain error "in failing to order a mistrial or issue curative instructions." *Id.* at 311. In that context, the court made clear that plain-error review was cognizable only if the defendant was denied a fair trial, which in turn required application of the mistrial standard: "[A] defendant asserting plain error must demonstrate that the prosecutor's comments were so prejudicial that an instruction to disregard them would not have been sufficiently curative to assure the court, in its consideration of all the circumstances, that the defendant received a fair trial." *Id.* at 312. That is important because, "[g]enerally, a proper jury instruction is adequate to cure any presumed prejudice from a prosecutor's misconduct." *State v. Davis*, 345 Or 551, 583, 201 P3d 185 (2008), *cert den*, 558 US 873 (2009).

In other words, prosecutorial statements that were improper but *curable* are not an appropriate subject of plain-error review, because, in such circumstances, the defendant was not denied a fair trial. (Of course, the failure to move to strike or for a curative instruction might still be a basis for post-conviction relief.) We draw attention to that aspect of *Chitwood* for two reasons. First, it disposes of defendant's first three assignments of error, in which he argues that it was plain error not to strike the statements at issue or give a curative instruction. Second, it is common for defendants to argue in the alternative that it was plain error not to strike prosecutorial statements, give a curative instruction, or declare a mistrial—and we do not appear to have commented negatively on that practice. *Chitwood* therefore

clarifies a point that has not been well understood in the past.[1]

One other point from *Chitwood* warrants mention: that the preferable way to describe this type of alleged error is in terms of the prosecutor's statements themselves, rather than the trial court's inaction. *See Chitwood*, 370 Or at 312-13 & n 1. We therefore understand the alleged error as "an error by the prosecutor in making remarks that are so egregious that, if the defendant had made a motion for mistrial, the trial court would have erred, as a matter of law, in denying it." *Id.* at 312. "Understanding the error in that way is consistent with the test for legal error—whether the *prosecutor's comments* were so prejudicial as to have denied defendant a fair trial." *Id.* (emphasis in original).

We turn to the facts of this case. Defendant was charged with resisting arrest, ORS 162.315, based on an incident at his apartment involving several police officers.[2] The case was tried to a jury. In closing argument, the prosecutor walked through the trial evidence in detail and described how it proved the elements of the offense. Defense counsel's closing argument focused on inconsistencies in the state's evidence and an asserted lack of evidence regarding defendant's physical condition and mental state. There was also a strong theme that the police officers had lied at trial. Defense counsel ended with arguments about reasonable doubt and what it meant, including asserting that testimony by two of the officers was enough to create reasonable doubt and "ask[ing] you as a reasonable jury to hold onto your reasonable doubt."

---

[1] Until and unless the Supreme Court suggests otherwise, it is our understanding that the plain-error principle articulated in *Chitwood* is limited to prosecutorial misconduct, including improper statements in closing argument. For example, in the evidentiary context, it is well-established that it is plain error not to *strike* clear vouching testimony. *E.g.*, *State v. Murphy*, 319 Or App 330, 335, 510 P3d 269 (2022) ("If a witness unambiguously vouched, it is plain error not to have stricken the testimony, even absent an objection."); *State v. Wilson*, 266 Or App 481, 491, 337 P3d 990 (2014), *rev den*, 356 Or 837 (2015) (listing cases in which "[w]e have concluded that it is plain error for a trial court to not strike explicit vouching testimony *sua sponte*"). *Chitwood* would seem to suggest that, in the plain-error context, prosecutorial vouching should be analyzed differently from witness vouching. However, we leave that issue for another day.

[2] A second charge was dismissed.

The final closing argument was the prosecutor's rebuttal. The prosecutor began rebuttal closing argument by stating:

> "*Every person that's charged with a crime has the right to go to trial and have the state prove the case beyond a reasonable doubt. That's why we're here; Mr. Durant gets his day in trial.*
>
> "*That does not mean that there is reasonable doubt. What that means is the process is working and that's why we're here today.*
>
> "There is no reasonable doubt in this case.
>
> "As you heard, the (indiscernible) is doubt based on common sense and reason, but it's not an imaginary doubt. It's not a thought of, well, maybe there's point one percent of possibility that something else intervened or whatever.
>
> "The best explanation of beyond a reasonable doubt that I've come across is this demonstrative (indiscernible). You know that this is a photo of George Washington, despite the fact that there is a big puzzle piece missing right out of the middle of it. It's, in fact, the photo from the one-dollar bill.
>
> "You can have certain questions still lingering and still understand the photo and understand what happened that day, just like you can understand beyond a reasonable doubt what happened when Mr. Durant was arrested.
>
> "I'm not gonna respond to everything that counsel said, but there are a few things I do want to point out and I want to start with Mr. Durant's own testimony."

(Emphases added.) The prosecutor then responded to several of defense counsel's specific evidentiary arguments with her own evidentiary arguments.

The jury ultimately found defendant guilty of resisting arrest. On appeal of his resulting conviction, defendant challenges the prosecutor's initial statements in rebuttal closing—the statements italicized above—arguing that they were improper. The state counters that those statements "were not improper, or, at least, not obviously so."

As previously mentioned, prosecutorial statements are improper if they infringe on the defendant's right to a

fair trial. *Chitwood*, 370 Or at 311-12. "Article I, section 11, [of the Oregon Constitution,] as well as the Due Process Clause of the Fourteenth Amendment to the United States Constitution, guarantees a criminal defendant's right to a fair trial by an impartial jury. That right guarantees that a defendant shall be tried by a jury that will decide guilt based on evidence—not emotion or prejudice." *State v. Soprych*, 318 Or App 306, 309, 507 P3d 276 (2022) (internal citations omitted).

Although there is no *per se* prohibition on prosecutors referring in closing argument to a defendant's constitutional rights, "[a] prosecutor's reference to or comment on a defendant's invocation of a constitutional right, such as the right to counsel, the right to remain silent, or the right to a trial, may prejudice a defendant's ability to have a fair trial if the jury is likely to draw a *negative inference* from the exercise of that right." *Id.* (emphasis added). "One such negative inference can be the erosion, or misconstruction, of the presumption of innocence." *Id.* at 310 (further noting that prosecutorial comments that distort the presumption of innocence may be made "directly" or "through targeted innuendo"). Even then, "not every improper comment on a constitutional right requires a mistrial." *Id.* at 311. For example, if the context of the prosecutor's comment is such as to direct the jury's attention "away from the adverse inference of guilt based on the invocation" or "makes such an inference unlikely," then "the trial court does not abuse its discretion if it denies the defendant's motion for a mistrial." *Id.* (internal quotation marks omitted).

There is a long line of cases illustrating the risk that a prosecutor takes in referring to a defendant's constitutional rights during closing argument in a jury trial. That is in part because the prosecutor's intentions do not matter. *State v. Grenawalt*, 86 Or App 96, 98, 738 P2d 232, *rev den*, 304 Or 405 (1987) ("The fact that a prosecutor's conduct is not intentional does not affect a defendant's fundamental right to a fair trial."). All that matters is whether the prosecutor's statements crossed the line into impropriety and, in the plain-error context, "were so prejudicial that an instruction to disregard them would not have been

sufficiently curative to assure the court, in its consideration of all the circumstances, that the defendant received a fair trial." *Chitwood*, 370 Or at 312.

Several recent cases provide examples of improper prosecutorial comments in closing argument that were so egregious as to require reversal of the defendant's convictions, even where the defendant did not object at trial.

In *Chitwood*, the defendant was charged with 20 sex crimes against a child, and the prosecutor made two improper statements in rebuttal closing argument that, taken together, "'were so egregious that they deprived defendant of a fair trial.'" 370 Or at 307. First, the prosecutor referred to a prospective juror's statements in *voir dire* about his experience being falsely accused of a sex crime, which was improper both because the prosecutor relied on facts not in evidence and because she encouraged the jury to decide the case on an improper basis by suggesting that, if the complainant's allegations against defendant were false, the case would have "'washed out'" and never have made it to trial, as happened in the prospective juror's case. *Id.* at 314-15. Second, the prosecutor distorted the burden of proof, and thereby misled the jury as to what was needed to find guilt, by concluding her closing argument with the statement, "'[I]f you determine that [the defendant] should not reside with an adolescent girl, that's your moral certainty and I have proven my case beyond a reasonable doubt.'" *Id.* at 315-17 (second brackets in *Chitwood*). The defendant did not object at trial, but the Supreme Court concluded that the requirements for plain-error review were met, and it exercised its discretion to correct the plain error. *Id.* at 328-29.

In *Soprych*, the prosecutor told the prospective jurors in *voir dire* that a person accused of a crime has "'an absolute constitutional right to a trial'" and then, over the defendant's objection that it was "'an improper comment on innocence'" and "'also conditioning the jury,'" proceeded to illustrate the point with a single hypothetical of a very obviously guilty person. 318 Or App at 307-08. The prosecutor asked the jury to imagine that she (the prosecutor) liked a juror's handbag; grabbed the handbag in front of everyone; announced that she was "'stealing this handbag'" and

was "'going to keep it forever'"; walked out the courtroom door and, while being recorded on surveillance video, yelled, "'I'm keeping this bag. I'm stealing it forever. This is mine now.'"; and was then stopped while carrying the handbag and confessed, "'Okay, you got me. I was stealing the bag. I admit it. I took it. You got me.'" *Id.* at 308. After positing that hypothetical, the prosecutor stated, "'I have a right to a trial. Everyone's still okay with that? [Jurors answer yes.] Everyone understands that in America this is our absolute constitutional right, and that's why you're all here to uphold that right. You're okay with that? [Jurors answer yes.]'" *Id.* at 308 (internal quotation marks omitted).

On appeal, we concluded "that, given the context, the *voir dire* question and hypothetical undermined the presumption of innocence and deprived defendant of an opportunity for a fair trial in front of an impartial jury[.]" *Id.* at 312. The prosecutor's hypothetical was a "thinly veiled" comment on defendant's choice to exercise his right to a trial" and, in context, was intended to undermine the presumption of innocence. *Id.* at 311. "In short, the implication of the prosecutor's hypothetical and additional comments was that obviously guilty people will invoke their right to a trial, and this jury had been called only as a formality, because defendant was one of that group." *Id.*

Most recently, in *State v. Pierpoint*, 325 Or App 298, 309, 528 P3d 1199 (2023), we reversed the defendant's convictions on plain-error review, applying *Chitwood*, where the prosecutor had made two statements in rebuttal closing argument that, "considered together, were so prejudicial that they could not have been cured by an instruction." The first statement improperly "implied to the jury that a grand jury had previously determined defendant's guilt beyond a reasonable doubt, which was incorrect." *Id.* at 306. The second statement was an "obviously improper" comment on the defendant's decision not to testify, involving "feigned speculation concerning the reasons for defendant's decision not to testify[.]" *Id.* "As in *Chitwood*, the combination of prosecutorial misstatements would have been hard for the jury to disregard, even with a curative instruction." *Id.* at 311. Ultimately, we concluded "that the improper conduct was so

prejudicial that, if defendant had objected and moved for a mistrial, the trial court would have abused its discretion in denying the motion." *Id*. We exercised our discretion to correct the plain error. *Id*.

The challenged statements in this case are not nearly as egregious as those in *Chitwood*, *Soprych*, *Pierpoint*, and other cases in which we have reversed convictions based on improper prosecutorial statements to the jury in closing argument. In this case, the gist of the statements at issue was that every criminal defendant has the right to go to trial and put the state to its burden of proof, but that it does not necessarily follow that there is reasonable doubt in every criminal trial. In context, the prosecutor appears to have been trying to set up her next point, which was that small gaps or inconsistencies in the evidence do not necessarily translate into reasonable doubt.

The prosecutor's phrasing was not ideal. It is the state that chooses to pursue criminal charges against a person, and, unless the person pleads guilty or no-contest, a trial is the necessary mechanism by which the state must prove its case. Discussing the state's burden of proof in terms of the *defendant's* right to a trial risks shifting the jury's attention from the state's evidentiary burden to the defendant's exercise of a constitutional right in a way that could be found to be problematic, even if it was not intended to be prejudicial. Here, the prosecutor easily could have made the same point without reference to defendant's right to a trial, thus avoiding a potential problem.

It does not follow, however, that defendant was entitled to a mistrial. Even if the prosecutor's statements were not ideal, they also were not egregious. The prosecutor did not misstate the law, denigrate anyone, improperly shift the burden of persuasion to defendant, or invite an adverse inference from defendant's exercise of a constitutional right. Most importantly (given defendant's appellate arguments), nothing that the prosecutor said implied that only guilty people go to trial. That distinguishes this case from *Soprych*, in which the prosecutor undermined the presumption of innocence and conditioned the jury to believe that the defendant

was obviously guilty,[3] and other cases where prosecutorial comments suggested drawing a negative inference from the defendant's exercise of a constitutional right. It is also notable that the challenged statements here were brief, and that the prosecutor immediately transitioned into a substantive discussion of "reasonable doubt" that no one disputes was legally accurate, followed by additional discussion of the trial evidence, thus drawing the jury's attention away from the initial comments and into substantive matters.

In the end, considering the content and context of the statements, it is not "beyond dispute that the prosecutor's comments were so prejudicial as to have denied defendant a fair trial," which is the standard on plain-error review. *Chitwood*, 370 Or at 312. That is, even if the statements were improper, they are in the realm of statements that could have been adequately addressed by striking or a curative instruction. It follows that defendant has not established plain error. Accordingly, we affirm.

Affirmed.

---

[3] To the extent that defendant argues that the prosecutor's statements did imply that only guilty people go to trial and are comparable to the statements in *Soprych*, we are unpersuaded. The statements in *Soprych* were more egregious. Moreover, the defendant in *Soprych* objected at trial, so, on appeal, we could decide the issue in his favor even if the legal point was not "obvious." *See Vanornum*, 354 Or at 629 (one requirement for "plain" error is that the legal point is obvious and not reasonably in dispute).