Submitted February 2, affirmed October 18, petition for review denied December 21, 2023  (371 Or 771)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JASON ANDREW BOYAR,
*Defendant-Appellant.*

Tillamook County Circuit Court
20CR53616; A176596

538 P3d 1225

In this criminal case, defendant appeals from the trial court's Supplemental Judgment and Money Award imposing restitution in the amount of $6,938 for damage to the doors of a public transit facility owned by the City of Tillamook. Defendant assigns error to that award, arguing that the trial court erred in imposing the replacement cost of the doors rather than the repair cost and that the evidence did not establish that the replacement cost was reasonable. He also argues that the trial court valued the replacement cost of the doors incorrectly by not accounting for depreciation. *Held*: The state's evidence, which included photographs, testimony, estimates, and documentation of costs, was sufficient to prove that the doors could not be readily repaired and that it would cost less to replace them. The amount of restitution imposed by the trial court was the cost required to restore the property to its original condition, which is the appropriate measure of restitution in cases involving damage to real property.

Affirmed.

Jonathan R. Hill, Judge.

Submitted February 2, 2023.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Sara F. Werboff, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Colm Moore, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, and Mooney, Judge, and Pagán, Judge.

MOONEY, J.

Affirmed.

**MOONEY, J.**

Defendant appeals a Supplemental Judgment and Money Award imposing restitution based on his "no contest" plea to one count of first-degree criminal mischief, ORS 164.365, and his agreement to "admit liability for restitution purposes" for damaging the doors of a public transit facility owned by the City of Tillamook.[1] The amount of restitution was left open for the court to determine at sentencing. Defendant assigns error to the trial court's calculation of restitution to the extent that it includes $6,938 for the replacement cost of the doors, arguing that "the state failed to prove the necessity of replacing the doors instead of performing repairs," and that, in any event, there was insufficient evidence to establish the reasonableness of the replacement cost. He argues, in the alternative, that "the proper amount of restitution was the fair market value of the doors at the time they were damaged, accounting for depreciation." For reasons we will explain, we affirm.

We review the trial court's imposition of restitution for legal error, remaining mindful that we are bound by the trial court's findings, including reasonable inferences, if they are supported by any evidence in the record. *State v. Lobue*, 304 Or App 13, 16, 466 P3d 83, *rev den*, 367 Or 257 (2020). We review the evidence in the light most favorable to the state. *State v. Smith*, 291 Or App 785, 788, 420 P3d 644 (2018).

A sentencing court is required to order restitution if it "finds from the evidence presented that a victim suffered economic damages." ORS 137.106(1)(a). It imposes restitution in an amount "that equals the full amount of the victim's economic damages as determined by the court." *Id.* Restitution is intended to be "penal, not compensatory[,]" *State v. Dillon*, 292 Or 172, 180, 637 P2d 602 (1981), and yet ORS 137.103(2) nevertheless defines "economic damages" much the same as that term is defined for civil matters under ORS 31.705(2)(a). Thus, when imposed as restitution, economic damages are the "objectively verifiable out-of-pocket losses that a person could recover against the defendant in a civil action arising out of the defendant's criminal activities." *State v. De Verteuil*, 304 Or App 163, 167, 467

---

[1] Defendant accepted the district attorney's written plea offer.

P3d 80 (2020). A trial court measures property damage by determining the "reasonable and necessarily incurred costs due to loss of use of property and reasonable costs incurred for repair or for replacement of damaged property, whichever is less." ORS 31.705(2)(a). The state bears the burden of proving the economic damages that it seeks to include in a defendant's sentence as restitution. ORS 137.106(1)(a); *State v. Aguirre-Rodriguez*, 367 Or 614, 620, 482 P3d 62 (2021).

Contrary to defendant's assertion, the state presented sufficient evidence that the cost to repair the doors would be greater than the cost to replace them. Photographs of the damaged doors were submitted into evidence at the restitution hearing. The state called the transit center's operations coordinator to testify about the damage to the doors, the ongoing security and water damage issues, and the need to quickly repair the doors to eliminate those issues. That witness explained that the need for expediency was especially acute because the transit facility remained open to the public during the period of repair. The operations coordinator also testified that the doors had to be replaced because they could not be repaired for a variety of reasons, including that the damaged doors would not "fit right" and they would not "lock properly."

The state also called the city's claims adjuster who testified about the industry-wide program used to calculate the damage estimate. The state produced documentation of the costs incurred to replace the doors including (1) the itemized cost estimate for the damage ($6,938 for replacement doors, $1,320 for glass repair, and $530 to temporarily secure the doors and windows), (2) an email from the contractor describing the scope of the repair work and explaining that "there is nowhere in Tillamook to source [the] materials" that would be required to repair the doors, and (3) the contractor's invoice for the total amount of $8,788.

The testimony and documentary evidence establishes that the doors could not readily be repaired and that, even if they could be repaired, it would cost less to replace them. Under those particular circumstances, the court could conclude that the cost of replacement was less than

for repair, and impose the replacement cost of the doors as restitution.

We reject defendant's remaining contention that the proper restitution award would have been the reasonable market value of the doors, accounting for depreciation. To support his argument, defendant relies on *De Verteuil*, a case in which we concluded that the proper award of restitution for damage to a car seat and a vehicle roof rack was the value of the items "at the time and place that defendant's criminal conduct destroyed [them]." 304 Or App at 170. But *De Verteuil*—a case concerning damage to personal property—does not stand for the proposition that the correct measure of damages is always the reasonable market value of the property. Rather, as we have mentioned, *De Verteuil* requires that a trial court determine what amount a victim "could recover against the defendant in a civil action arising out of the defendant's criminal activities." *Id.* at 167.

In civil cases involving damage to real property, trial courts apply one of two approaches to calculate damages. When an injury to real property is permanent, the appropriate measure of damages is the "lost market value" of the property caused by the defendant's criminal act. *McCormick v. City of Portland*, 191 Or App 383, 391, 82 P3d 1043, *rev den*, 337 Or 616 (2004). When the injury is temporary, or "reasonably susceptible to repair," the appropriate measure of damages is "the cost of restoring the property to its original condition[.]" *Id.* We apply those principles here because doors are generally considered fixtures "that, by being physically annexed or affixed to real property, become[ ] accessory to the real property and part and parcel of it." *Oldham v. Fanno*, 168 Or App 573, 577, 7 P3d 672 (2000) (internal quotation marks omitted). Where, as here, the injury to the transit station was temporary, the appropriate measure of damages is the reasonable "cost of restoring the property to its original condition[.]" *McCormick*, 191 Or App at 391. The trial court did not err in imposing restitution in the amount required to restore the property to its original condition by replacing the doors.

Affirmed.