142 July 31, 2024 No. 529

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

RAUL ALFONSO VILLANUEVA VALDEZ,
aka Raul Alfonso Villanuevavaldez,
*Defendant-Appellant.*

Clackamas County Circuit Court
19CR06621; A179445

Katherine E. Weber, Judge.

Submitted June 17, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Zachary Lovett Mazer, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant. Raul Alfonso Villanueva filed the supplemental brief *pro se*.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Leigh A. Salmon, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Joyce, Judge, and Jacquot, Judge.

AOYAGI, P. J.

Affirmed.

**AOYAGI, P. J.**

Defendant was convicted of first-degree sexual abuse, ORS 163.427. On appeal, he raises four counseled assignments of error and two supplemental *pro se* assignments of error.[1] For the following reasons, we affirm.

*Closing Argument.* In his counseled assignments of error, defendant alleges that the prosecutor made two improper statements during closing arguments and thereby deprived defendant of a fair trial. Defendant did not object to the statements when they were made, so he requests plain-error review. *See State v. Wyatt*, 331 Or 335, 341, 15 P3d 22 (2000) ("Generally, an issue not preserved in the trial court will not be considered on appeal."); ORAP 5.45(1) (recognizing our discretion to correct "plain" errors).

In this specific context, plain-error review "is permitted, and reversal may be warranted if it is beyond dispute that the prosecutor's comments were so prejudicial as to have denied defendant a fair trial." *State v. Chitwood*, 370 Or 305, 312, 518 P3d 903 (2022) (internal quotation marks omitted). To meet that standard, the prosecutor's statements must have been "so egregious that striking them or giving a curative instruction would have been insufficient." *State v. Durant*, 327 Or App 363, 365, 535 P3d 808 (2023). "In other words, prosecutorial statements that were improper but *curable* are not an appropriate subject of plain-error review, because, in such circumstances, the defendant was not denied a fair trial." *Id*. (emphasis in original).

Having considered each of the challenged statements, individually and together, we disagree with defendant that he was denied a fair trial under the *Chitwood* standard. To the extent that either statement was improper, the impropriety did not rise to the level of requiring a mistrial and could have been addressed adequately by the trial

---

[1] Defendant was originally convicted of two counts of first-degree sexual abuse, and his counseled opening brief includes a fifth assignment of error challenging the failure to merge the two guilty verdicts. After briefing was complete, however, the parties jointly moved the trial court to amend the judgment to merge the two guilty verdicts, and the trial court granted that motion and amended the judgment on October 18, 2023. As a result, defendant is now convicted of only one count of first-degree sexual abuse, and he has withdrawn his counseled fifth assignment of error.

court, had an objection been made. No reversible error has been shown.

Interpreters. In his first pro se supplemental assignment of error, defendant argues that the trial court erred by providing only two court-certified interpreters for trial, instead of three or four interpreters as defendant feels was necessary. We agree with the state that defendant's argument is not well taken.

Defendant's trial was originally scheduled for January 2020 but was postponed because only two court-certified interpreters were available, which the trial court deemed insufficient to meet the expected interpretation needs at trial. The trial was rescheduled to March 2020, but defendant failed to appear. Defendant was arrested two years later, and his trial finally took place in July 2022. The trial court was attentive to the interpretation issue during the July 2022 trial and apparently had different technology available than had been available in March 2020 (perhaps due to the intervening COVID-19 pandemic). The court concluded that it needed two court-certified interpreters for trial, which is the number that were provided. Defendant made no objection to the number of interpreters (or the quality of the interpretation) and in fact thanked the court for "all the attention" that it had given to the interpretation issue.

The claim of error is therefore unpreserved, which means that the only review available is discretionary plain-error review. Wyatt, 331 Or at 341; ORAP 5.45(1). An error is "plain" when it is an error of law, the legal point is obvious and not reasonably in dispute, and the error is apparent on the record without having to choose among competing inferences. State v. Vanornum, 354 Or 614, 629, 317 P3d 889 (2013). Here, defendant makes an underdeveloped argument for plain-error review in his "conclusion" section. Even putting aside any procedural shortcomings, defendant has not persuaded us that the court committed any plain error. Based on the record of the July 2022 trial, it is not obvious or beyond reasonable dispute that more than two interpreters were needed, especially given the technology used during trial. Any error therefore is not "plain," and we reject the first pro se supplemental assignment of error on that basis.

*Ethnicity of Jurors.* In his second *pro se* supplemental assignment of error, defendant argues that the trial court violated his constitutional rights by failing to "provide [him] with jurors of his ethnic background," which he identifies as "Hispanic Mexican," and instead seating a panel of jurors of "Caucasian descent." Defendant appears to be challenging the make-up of the jury pool, rather than the process by which the jurors for his trial were selected from that pool, but it is not entirely clear because he relies heavily on *Batson v. Kentucky*, 476 US 79, 106 S Ct 1712, 90 L Ed 2d 69 (1986), the seminal case holding that racial discrimination in the exercise of peremptory challenges violates the Fourteenth Amendment to the United States Constitution.

If defendant is challenging how the prosecutor exercised his peremptory challenges, defendant did not make any *Batson* objection at trial, so the claim of error is unpreserved. That again means that we are limited to plain-error review, which defendant has nominally requested. We readily conclude that any error is not "plain." It would be nearly impossible to establish a plain-error *Batson* violation, because it is usually the defendant's objection that leads to the creation of the record necessary to evaluate an alleged *Batson* violation. Here, the record certainly does not reveal any plain-error *Batson* violations; indeed, the record does not even identify the racial or ethnic background of the seated or stricken jurors.

If defendant does not mean to challenge the prosecutor's use of peremptory challenges but instead means to protest more generally a lack of "Hispanic Mexican" jurors, on the theory that the court was constitutionally required to provide him with a jury that was comprised of or at least included "jurors of his ethnic background," that argument also fails. As noted, the record is silent regarding the racial or ethnic background of the seated and stricken jurors, let alone the composition of the larger jury pool from which they were drawn. In any event, a criminal defendant "has no right to a 'petit jury composed in whole or in part of persons of [the defendant's] own race.'" *Powers v. Ohio*, 499 US 400, 404, 111 S Ct 1364, 113 L Ed 2d 411 (1991) (quoting *Strauder v. West Virginia*, 100 US 303, 311, 25 L Ed 664

(1879) (brackets in *Powers*)). Accordingly, we reject the second *pro se* supplemental assignment of error.

Affirmed.