588 January 29, 2025 No. 68

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MELVIN OLIVER STREET III,
*Defendant-Appellant.*

Multnomah County Circuit Court
21CR32818; A180721

Kathleen M. Dailey, Judge.

Submitted November 19, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Matthew Blythe, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jordan R. Silk, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and DeVore, Senior Judge.

TOOKEY, P. J.

Affirmed.

**TOOKEY, P. J.**

Defendant appeals a judgment of conviction for one count of first-degree assault, ORS 163.185, one count of second-degree assault, ORS 163.175, and one count of unlawful use of a weapon, ORS 166.220. He was charged with those crimes after he slashed the victim's hand with a knife. While defendant was in custody on those charges, the victim was killed in a shooting.

At trial, defendant's theory was that he did not slash the victim's hand and that whoever shot the victim was probably the person who slashed the victim's hand. In his sole assignment of error, defendant contends that the trial court plainly erred "when it allowed the prosecutor to argue that defendant had failed to present evidence about the motive behind [the victim's] murder."

We have reviewed the entirety of the closing argument. We conclude that, even if the prosecutor's argument was improper—an issue we do not decide—it would not have been an abuse of discretion for the trial court to have denied a motion for a mistrial based on the prosecutor's argument if one had been requested. Thus, defendant has not established plain error. *See State v. Chitwood*, 370 Or 305, 312-14, 518 P3d 903 (2022) ("[A]n unpreserved challenge to prosecutorial statements must demonstrate that the statements were so prejudicial that they deprived defendant of a fair trial"; that is, "if the defendant had made a motion for a mistrial, the trial court would have erred, as a matter of law, in denying it."); *State v. Durant*, 327 Or App 363, 372, 535 P3d 808 (2023) ("[E]ven if the statements were improper, they are in the realm of statements that could have been adequately addressed by striking or a curative instruction. It follows that defendant has not established plain error.").

Affirmed.