No. 266 March 26, 2025 291

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

VICTORIA ELIZABETH BARBARA HILL,
aka Victoria Elizabeth Hill,
*Defendant-Appellant.*

Coos County Circuit Court
22CR60002; A180742

Andrew E. Combs, Judge.

Submitted September 27, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Erica L. Herb, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Hellman, Judge, and Mooney, Senior Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

Defendant appeals from a judgment convicting her of first-degree robbery, ORS 164.415, second-degree robbery, ORS 164.405, unlawful use of a weapon, ORS 166.220, menacing, ORS 163.190, second-degree theft, ORS 164.045, and felon in possession of a restricted weapon, ORS 166.270(2). On appeal, defendant contends that the prosecutor made improper statements during closing argument that deprived her of a fair trial and required the court to *sua sponte* grant a mistrial. Defendant argues that the trial court's failure to do so constituted plain error. We affirm.

Defendant was stopped by store employees as she attempted to leave a Fred Meyer store without paying for items. Defendant refused to give up the merchandise, pulled out a knife and waved it above her head as she left the store. At trial, the prosecutor made the following statements during the state's closing argument:

> "*There's a few things in this case that aren't really in dispute. One, that this knife that was used was a dangerous weapon.* And that the Defendant is a convicted felon. You're gonna see State's exhibit 22, I believe is what it was. It's a Court certified conviction showing that at the time she committed this crime [defendant] was a convicted felon.

> "You also heard the testimony of the Officers and you have photos that this was the knife that was used. You saw, you'll be able to take it back with you, a video of two different videos of the knife being used. You have Officer Moeller kind of in a real world kind of demonstration just very quickly opening up that knife. And the Officers testified that it opened with the force of a spring. That there's a lever that you, they pushed on it and it springs, swings that blade into position. And you've got photos of the blade. And you heard testimony that this is, *I think common sense is that this is a dangerous weapon.*

> "*The way the, the Defendant threatened to use it against the two victims, this is a, this is a weapon that can cause death or serious physical injury.* Stabbing someone. Slashing somebody. *These weapons are used all the time all over the world to hurt and kill people. So that's a dangerous weapon.*"

Defendant made no objection to the closing argument at trial, but she contends on appeal that the italicized statements were

improper and denied her the right to a fair trial. Specifically, she contends that the statements distorted the burden of proof, undermined her presumption of innocence, usurped the jury's factfinding duty, and improperly urged the jury to rely on facts not in evidence. Because she did not preserve those arguments below, she asks that we review for plain error.

Reviewing under that standard we conclude that, even if the statements were improper, they are not plain error under *State v. Chitwood*, 370 Or 305, 312, 518 P3d 903 (2022), because they could have been adequately addressed by a curative instruction. *See State v. Durant*, 327 Or App 363, 365, 535 P3d 808 (2023) ("[P]rosecutorial statements that were improper but *curable* are not an appropriate subject of plain-error review, because, in such circumstances, the defendant was not denied a fair trial." (Emphasis in original.)).

The state presented photo evidence of the knife defendant used, showing that it was seven inches long with a three-inch blade. The state also presented a video of an officer demonstrating how the blade opened with a spring function, and an officer testified that the knife could be used against a person and "cause some damage." The jury also heard testimony from two store employees; one testified that he saw defendant pull the knife and "was afraid that she might actually use it." Although the prosecutor initially made a blanket statement that "this knife that was used was a dangerous weapon," the argument thereafter recounted evidence in the record to support that conclusion and reminded the jury that "you heard testimony that this is, I think common sense is that this is a dangerous weapon."

More importantly, had defendant objected to the statements immediately after they were made, the trial court would have had the opportunity to strike the statements or give the jury an appropriate curative instruction. Such an instruction would have been sufficient to minimize the "realistic possibility of confusing the jurors about the ultimate standard or burden of proof." *State v. Totland*, 296 Or App 527, 531, 438 P3d 399, *rev den*, 365 Or 502 (2019) (internal quotation marks omitted).

Affirmed.