No. 415 May 7, 2025 409

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

NIELS CHRISTIAN WILLIAMS,
*Defendant-Appellant.*

Washington County Circuit Court
23CR01530; A182555

Brandon M. Thompson, Judge.

Submitted April 3, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Carla Edmondson, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jordan R. Silk, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

JACQUOT, J.

Affirmed.

**JACQUOT, J.**

Defendant appeals from a judgment of conviction, following a jury trial, for driving while under the influence of intoxicants (DUII) and attempted first-degree criminal trespass. Defendant raises seven assignments of error. In his first, he contends that the prosecutor improperly made statements about facts not in evidence during closing argument. In assignments of error two through seven, defendant argues that the trial court erroneously imposed a number of special conditions of probation. For the reasons provided below, we affirm.

Defendant's first assignment of error is unpreserved, and he requests plain error review. We have discretion whether to review unpreserved arguments for plain error. *State v. Vanornum*, 354 Or 614, 630, 317 P3d 889 (2013). "For an error to be plain error, it must be an error of law, obvious and not reasonably in dispute, and apparent on the record without requiring the court to choose among competing inferences." *Id.* at 629. "[A]n unpreserved challenge to prosecutorial statements must demonstrate that the statements were so prejudicial that they deprived defendant of a fair trial"; that is, "if the defendant had made a motion for a mistrial, the trial court would have erred, as a matter of law, in denying it." *State v. Chitwood*, 370 Or 305, 312-314, 518 P3d 903 (2022). A prosecutorial comment—even if improper or impermissible—does not constitute plain error unless the comment was "so prejudicial that an instruction to disregard [it] would not have been sufficient[]" to ensure that the defendant received a fair trial. *State v. Pierpoint*, 325 Or App 298, 303, 528 P3d 1199 (2023). We review "statements made by a party during argument in context, not in a vacuum." *State v. Mayo*, 303 Or App 525, 465 P3d 267 (2020) (internal quotation marks and citation omitted).

During closing argument, the prosecutor referred to a key state's witness:

"*[Witness] didn't want to be here today. He's actually heading back to work right now.* He had no motivation to come up here and lie to all.

"* * * * *

"Does [witness], the partygoer, does he have any motive to lie to you? Does he have any motive to come in here, *take time off work*, testify for the first time ever in his life in front of you all, and he doesn't even know this individual?

"*[Witness] had to be here because, quite frankly, our office made him be here*. He has no motive to lie."

(Emphases added.)

Defendant challenges the italicized portions as containing impermissible facts not in evidence. The statements about the witness taking time off from work and not wanting to testify are not supported by evidence in the record, and they were therefore improper. *See State v. Morehead*, 307 Or App 442, 449, 477 P3d 462 (2020) (explaining that it is impermissible to reference facts outside of evidence); *see also State v. Banks*, 367 Or 574, 582, 481 P3d 1275 (2021) (stating that a defendant has a "right to a verdict based solely on the evidence presented at trial").

We conclude, however, that, when reviewed for plain error, it is not appropriate to reverse based on the comments challenged by defendant. That is because the comments were not so prejudicial as to result in an unfair trial—had defendant objected, the trial court could have stricken improper remarks made by the prosecutor or provided one or more curative instructions. *State v. Perez*, 373 Or 591, 606, ___ P3d ___ (2025) (on plain error review, it is not sufficient for a defendant to show the prosecutor's comments were improper, "rather, the defendant must show that the comments rendered the defendant's trial unfair"); *see State v. Martinez*, 335 Or App 103, 107, 557 P3d 556 (2024) ("As we explained in *State v. Durant*, 327 Or App 363, 365, 535 P3d 808 (2023), 'prosecutorial statements that were improper but *curable* are not an appropriate subject of plain-error review, because, in such circumstance, the defendant was not denied a fair trial.'" (Emphasis in *Durant*.)). Similarly, had defendant timely moved for a mistrial based on the challenged statements, it would not have been an abuse of discretion for the trial judge to deny the motion. *Id.*

In his second through seventh assignments of error, defendant argues that the trial court erred when it imposed

several special conditions of probation. At sentencing, the trial court announced that defendant would be subject to an "alcohol package," but did not orally announce the conditions of that package. Defendant's argument seems to rely on a mistaken premise. Defendant argues he was provided a sheet of paper during sentencing, which defendant contends did not include the "alcohol package." Defendant was invited to review the document with counsel and initial it. The record reflects that the document does list all of the "alcohol package" special conditions challenged by defendant and that defendant initialed it. Thus, the trial court did not err. *See State v. Priester*, 325 Or App 574, 581-83, 530 P3d 118, *rev den*, 371 Or 332 (2023) (use of a shorthand phrase to announce conditions of probation is permissible, provided that it is apparent in the record that all parties had the same understanding of the shorthand phrase and that it included the conditions ultimately stated in the judgment).

Affirmed.