No. 479 May 29, 2025 801

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CODY RAYMOND WILSON,
*Defendant-Appellant.*

Clackamas County Circuit Court
22CR19858; A181730

Jeffrey S. Jones, Judge.

Submitted March 6, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Zachary Lovett Mazer, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Egan, Judge, and Joyce, Judge.

JOYCE, J.

Affirmed.

**JOYCE, J.**

Defendant appeals from a judgment of conviction, entered after a bench trial, for first-degree rape, ORS 163.375 (Count 1); first-degree sodomy, ORS 163.405 (Count 2); and second-degree sexual abuse, ORS 163.425 (Counts 3, 6, and 8).[1] Defendant raises eight assignments of error, which reduce to four arguments: (1) the trial court impermissibly based its guilty verdicts on a factual finding that lacked evidentiary support in the record; (2) the prosecutor's improper comment in closing argument deprived him of a fair trial; (3) the sentences on Counts 3, 6, and 8 were vertically disproportionate under Article I, section 16, of the Oregon Constitution; and (4) the trial court infringed his right to be present for sentencing when it entered the written judgment with a sentence on one count that varied from the sentence it orally announced. We affirm.

*The trial court's factual finding:* In his first and second assignments of error, defendant argues that the trial court erred in finding that the crimes at issue were committed by one of only two possible suspects, because that finding is unsupported by the record. "[W]e are bound by the trial court's findings, including reasonable inferences, if they are supported by any evidence in the record[,]" *State v. Boyar*, 328 Or App 678, 679, 538 P3d 1225, *rev den*, 371 Or 771 (2023), and conclude that the trial court did not err.

H was 17 years old and lived with her mother and two younger brothers. On numerous occasions, defendant, who was a friend of her mother's boyfriend Stephan, came to the home when her mother was not there, according to H, and forced her to engage in sexual acts with him and would beat her with a belt and threaten to kill her brothers if she did not comply.

Defendant's defense at trial was that H had never visually identified him, her inconsistent statements and testimony demonstrated that she was mistaken, and someone other than defendant had committed the crimes. In closing, defendant argued, among other things, that someone other

_____

[1] Defendant was found guilty of three additional counts of second-degree sexual abuse (Counts 4, 5, and 7). Counts 4 and 5 merged with Count 3, and Count 7 merged with Count 6.

than defendant was the perpetrator, suggesting that it could be Stephan, who was a "convicted sex offender." In rendering its verdict, the trial court stated that "this is not a case of mistaken identity because [H] knows who [Stephan] is" and "there aren't that many people involved in this case where there could be some kind of confusion between the defendant and someone else." Defendant argues that those statements demonstrate that the trial court misunderstood the evidence to establish that only defendant or Stephan could have been the perpetrator and, because H knew who Stephan was, it must have been defendant.

We take a different view of the trial court's statements. Having reviewed the record, we conclude that, in the context of the parties' closing arguments and the trial court's entire speaking verdict, the trial court did not err. We understand the trial court's statements with which defendant takes issue to be directly responsive to defendant's closing argument. In our view, the trial court's statements demonstrate its weighing of the evidence and narrowing of the factual questions before it, particularly in light of defendant's assertion that Stephan might be the perpetrator. And the record allows a finding that defendant, not Stephan or some third party, was the perpetrator. Accordingly, we reject defendant's first and second assignments of error.

*The prosecutor's closing argument:* In defendant's third and fourth assignments of error, he argues that the prosecutor's comments that it "would be a disservice to [H] as well as other vulnerable victims" to "only look at the surface of [H's] testimony" improperly urged the court, sitting as factfinder, to ignore any conflicts in H's testimony or doubts about her credibility, depriving him of a fair trial.

A trial court is obligated to intervene during a prosecutor's closing argument and declare a mistrial, notwithstanding the lack of any objection by the defendant, only when it is "beyond dispute that the prosecutor's comments were so prejudicial as to have denied defendant a fair trial." *State v. Chitwood*, 370 Or 305, 312, 518 P3d 903 (2022) (internal quotation marks omitted); *State v. Perez*, 373 Or 591, ___ P3d ___ (discussing *Chitwood* standard). Further, "a defendant asserting plain error must demonstrate that

the prosecutor's comments were so prejudicial that an instruction to disregard them would not have been sufficiently curative to assure the court, in its consideration of all the circumstances, that the defendant received a fair trial." *Id.* Put another way, "prosecutorial statements that were improper but *curable* are not an appropriate subject of plain-error review, because, in such circumstances, the defendant was not denied a fair trial." *State v. Durant*, 327 Or App 363, 365, 535 P3d 808 (2023) (emphasis in original). "It will be the rare case in which an improper statement made by an attorney in closing argument to the court is so prejudicial that the court is legally required to declare a mistrial." *State v. Miller*, 327 Or App 740, 753, 537 P3d 191, *rev den*, 371 Or 715 (2023).

We are not persuaded that the trial court erred in not intervening *sua sponte* to declare a mistrial. We agree with defendant that the prosecutor's statement was improper. However, that statement was very brief, and the prosecutor did not misstate the law, disparage anyone, improperly shift the burden of persuasion, or invite an adverse inference from defendant's exercise of a constitutional right. We have little doubt that the trial court would have been able to cure any prejudice by striking the statement and disregarding it, had defendant raised a timely objection. We therefore conclude that the trial court did not plainly err and reject defendant's third and fourth assignments of error.

*Vertical proportionality in sentencing:* In his fifth through seventh assignments of error, defendant argues that the trial court plainly erred in sentencing him to 36-month sentences on Counts 3, 6, and 8 (second-degree sexual abuse) using the crime seriousness category of "7," because those sentences are vertically disproportionate under Article I, section 16, of the Oregon Constitution. We review the trial court's sentencing decisions for errors of law, *State v. Johnson*, 288 Or App 220, 224, 406 P3d 139 (2017), and affirm.

Article I, section 16, provides in part that "all penalties shall be proportioned to the offense." That provision bars the legislature "from punishing a lesser-included offense (such as attempt) more severely than the greater-inclusive

offense (such as completion of the attempted crime)." *State v. Wheeler*, 343 Or 652, 677, 175 P3d 438 (2007). In evaluating a vertical disproportionality claim, "[t]he relevant comparison *** is between the actual sentence imposed for the defendant's offense and the maximum sentence allowed by law for the greater offense." *State v. Barajas*, 254 Or App 106, 111, 292 P3d 636 (2012), *rev den*, 353 Or 747 (2013) (internal quotation marks and brackets omitted).

Defendant argues that this case presents a vertical proportionality problem because applying the crime category of "7" resulted in more severe sentences (36 months) on his second-degree sexual abuse convictions than he would have received had he been convicted of the more serious crimes of third-degree rape or third-degree sodomy based on the same types of conduct with someone under 16 years of age. *See, e.g.*, *State v. Simonson*, 243 Or App 535, 539-42, 259 P3d 962 (2011), *rev den*, 353 Or 788 (2013) (concluding that sentences for second-degree sexual abuse convictions based on "factually (if not legally) consensual sexual intercourse with victims aged 16 or 17" were vertically disproportionate given that the defendant would have received lesser sentences had he been convicted of the more serious crime of third-degree rape based on the same type of sexual intercourse with victims aged 14 or 15).

We conclude that the trial court did not plainly err in sentencing defendant to 36 months on each of the second-degree sexual abuse counts using a crime seriousness category of "7." At a minimum, there is reasonable dispute as to whether *Simonson* extends to factual circumstances like those here, in which a victim who cannot *legally* consent to sexual acts also does not *factually* consent. *See State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013) ("For an error to be plain error, it must be an error of law, obvious and not reasonably in dispute, and apparent on the record without requiring the court to choose among competing inferences.")

*Consecutive sentences:* In defendant's eighth assignment of error, he argues that the trial court erroneously imposed a consecutive sentence on Count 3 (second-degree sexual abuse), where it did not announce in open court in his

presence that the sentence would be consecutive. We review a claim that the trial court erred in imposing a sentence outside the defendant's presence for errors of law, *State v. Jacobs*, 200 Or App 665, 670, 117 P3d 290 (2005), and affirm.

A defendant in a criminal matter has both a statutory and a constitutional right to be present for sentencing. *Id.* at 670-71. Should the trial court wish to modify its orally pronounced sentence, it must do so in the defendant's presence. *Id.* at 673.

The trial court in this case announced defendant's sentence in open court with defendant present:

"THE COURT: The sentence will be as follows: on *** Count 1, the sentence is 100 months Department of Corrections. ***

"On Count 2, 100 months Department of Corrections. *** And that's concurrent with Count 1.

"On *** Count 3, the sentence is 36 months Department of Corrections.

"*****

"And on Count 6, the sentence is 36 months Department of Corrections ***. And 7 months of that is consecutive to *** Count 3.

"*****

"And on Count 8 is 36 months Department of Corrections ***. And all that entire 36 months is concurrent with the other counts. The total sentence is 143 months."

We understand defendant on appeal to argue that, because the trial court did not use the term "consecutive" when announcing the sentence on Count 3, the sentence it announced was necessarily a concurrent sentence, which the court then impermissibly modified outside his presence to run consecutively to the sentences on Counts 1 and 2.

We disagree that the trial court orally announced a concurrent sentence on Count 3, although we acknowledge that the trial court could have been clearer by using the word "consecutive" with respect to the sentence on Count 3. Notably, though, the trial court did not say that the sentence

on Count 3 was concurrent. Given the context of the rest of its oral pronouncement, we conclude that the trial court sufficiently conveyed to defendant in open court that the 36-month sentence on Count 3 would run consecutively to the sentences on Counts 1 and 2.

More specifically, after articulating the sentences on each individual count, the court concluded its oral pronouncement by stating that the "total sentence is 143 months." On Counts 1 and 2, the court imposed 100-month sentences, ordering defendant to serve the sentence on Count 2 concurrently with the sentence on Count 1. The court then imposed 36-month sentences on each of Counts 3, 6, and 8, expressly stating that seven months of the sentence on Count 6 would run consecutively to the sentence on Count 3 and that all of the sentence on Count 8 would be concurrent with the sentences on the other counts. The trial court's orally pronounced sentences on all counts other than Count 3 total 107 months, which brings the overall total to "143 months" only if the sentence on Count 3 was consecutive to the sentences on Counts 1 and 2. We therefore reject defendant's eighth assignment of error.

Affirmed.