166 June 4, 2025 No. 515

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ADAM TRENT JACKSON,
*Defendant-Appellant.*

Washington County Circuit Court
21CR56924; A181634

Oscar Garcia, Judge.

Submitted April 21, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Emily P. Seltzer, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Colm Moore, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Hellman, Judge, and O'Connor, Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

Defendant appeals an amended judgment of conviction for first-degree sodomy, ORS 163.405, first-degree sexual abuse, ORS 163.427, and second-degree theft, ORS 164.045.[1] On appeal, defendant makes arguments under *State v. Chitwood*, 370 Or 305, 518 P3d 903 (2022), contending that the prosecutor made statements in closing and rebuttal argument that rise to the level of plain error because they denied him a fair trial. We affirm.

In closing, the prosecutor stated that defense counsel cross-examined the victim "aggressively," that the victim "wasn't allowed to finish her answer," and that she was "talked over." The prosecutor also said it was "not fair" that, when cross-examining the victim, defense counsel referred to a single page of the sexual assault report that showed no physical findings, when other pages of the report did document physical injuries.

In rebuttal, the prosecutor said that defense counsel "made many attempts throughout the presentation and questioning of witnesses to mislead witnesses and confuse you." The prosecutor suggested that defendant had only "offered a portion" of surveillance video into evidence because "they were trying to hide" the truth.

Defendant argues that the prosecutor's statements "improperly attacked defense counsel's credibility and implied that the defense was hiding or not presenting certain evidence," which urged the jury to convict defendant for reasons other than his guilt and undermined the state's burden of proof. Taken together, defendant contends that the statements denied his right to a fair trial. Because he did not object to them below, he asks us to review as plain error the trial court's failure to *sua sponte* grant a mistrial. *See Chitwood*, 370 Or at 312 (in the context of an unpreserved challenge to a prosecutor's statements, "appellate review is permitted, and reversal may be warranted if it is beyond dispute that the prosecutor's comments were so prejudicial

---

[1] A jury convicted defendant of the listed convictions. Defendant was also convicted by the court of strangulation, ORS 163.187(4), and second-degree theft, ORS 164.045. Defendant challenges only the jury convictions on appeal.

as to have denied defendant a fair trial" (internal quotation marks omitted)).

Here, it is not obvious and beyond reasonable dispute that the prosecutor's comments were improper. *See State v. Perez*, 373 Or 591, 606-07, __P3d___ (2025) (explaining that the "preliminary question" in determining whether a prosecutor's challenged statements rise to the level of plain error is whether the defendant has demonstrated that it is "obvious and beyond reasonable dispute that the prosecutor's comments were improper").

First, the prosecutor's statements in closing argument were not personal attacks on defense counsel's credibility and did not impermissibly urge the jury to convict on an improper basis. *See, e.g.*, *State v. Roberts*, 340 Or App 220, 224, ___P3d___ (2025) (explaining that "[p]ersonal attacks on defense counsel" are improper because they "urge a conviction based not on the evidence, but on the jury's emotional response to the defendant's attorney and defense case" (internal quotation marks omitted)). Instead, the statements sought to provide explanations for inconsistencies in the victim's testimony and lent support to the prosecutor's argument to the jury that the victim "was doing her best to give all the details."

Second, the prosecutor's rebuttal statements did not undermine the state's burden of proof. The statements were in response to the defense's focus on "a portion" of the surveillance video "that they want you to watch" and contrasted that with the state's presentation of the entire video that the state offered so that the jury could "see everything and view everything and make the decisions that you want." It was also in the context of reminding the jurors that the "lawyers' statements aren't evidence." When considered in its entirety, the prosecutor's argument urged the jury to consider the whole evidentiary record, not just the portion offered by the defense, and to conclude that the record as a whole did not support defendant's theory of the case.

Finally, even if the statements were improper, they do not meet the standard for plain-error review because they could have been adequately addressed by a curative

instruction. *See State v. Durant*, 327 Or App 363, 365, 535 P3d 808 (2023) (explaining that "prosecutorial statements that were improper but *curable* are not an appropriate subject of plain-error review, because, in such circumstances, the defendant was not denied a fair trial" (emphasis in original)).

Affirmed.