140 April 29, 2026 No. 346

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MICHAEL DAVID WORKOVER,
*Defendant-Appellant.*

Lane County Circuit Court
21CR40472; A182875

Michelle P. Bassi, Judge.

Submitted June 17, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Carla Edmondson, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Rebecca M. Auten, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Powers, Judge, and O'Connor, Judge.

SHORR, P. J.

Affirmed.

**SHORR, P. J.**

Defendant appeals from a judgment of conviction for one count of third-degree sexual abuse committed against his girlfriend's granddaughter, A.[1] In three assignments of error, he challenges the admission of vouching testimony and the prosecutor's improper closing argument. For the reasons that follow, we affirm.

In his first assignment of error, defendant contends that forensic interviewer Golditch impermissibly vouched for A when she testified—"I did not have concerns about that"—when asked if she observed any signs of possible contamination or coaching, and that the trial court erred when it overruled his objection to vouching testimony. As a result, defendant contends that the trial court erred in admitting that testimony.

Whether a witness's statement constitutes impermissible vouching is an issue we review for legal error. *State v. Sperou*, 365 Or 121, 128, 442 P3d 581 (2019). "'Vouching' refers to the expression of one's personal opinion about the credibility of a witness." *Id.* "The rule against vouching prohibits a witness from making a direct comment, or one that is tantamount to a direct comment, on another witness's credibility." *State v. Wellington*, 332 Or App 44, 54, 548 P3d 146, *rev den*, 373 Or 81 (2024). Whether a statement constitutes vouching "depends on the context in which it arose and the context of how it was offered at trial." *Id.*

Earlier in her testimony, on cross-examination, Golditch explained that the purpose of the forensic interview "is not to determine whether or not a child is being truthful. It's just to collect information." She acknowledged that she did not know if A's prior conversations with others could have contaminated her memory of the incident because those conversations were not recorded. On redirect, Golditch described the signs of possible contamination, such as using adult terminology not typical for a child of that age, a statement that sounds rehearsed, and difficulty responding to questioning about sensory details. In that context,

---

[1] Defendant was charged with three counts of third-degree sexual abuse. The jury found him guilty as charged. The trial court merged the verdicts on Counts 2 and 3 into the verdict on Count 1.

Golditch's statement that she "did not have concerns about that"—in response to whether she observed any of those signs of contamination—was not a personal opinion about A's credibility. Rather, Golditch was essentially conveying that she did not observe any such signs in her interview with A. In fact, after the trial court overruled defendant's objection, Golditch restated, "I did not observe possible signs of contamination or influence or coaching." We conclude that the challenged statement did not constitute impermissible vouching. *See State v. Black*, 364 Or 579, 593, 437 P3d 1121 (2019) (not vouching to provide jurors with information that they can use to form their own opinions about the truthfulness of other witnesses).

In his second and third assignments, defendant contends that the trial court plainly erred in failing to *sua sponte* declare a mistrial in response to improper prosecutorial closing argument. In closing, the prosecutor stated:

"This case is about the testimony. *** We don't have a recording of it. *What we have are the victims—What we do have are the people who have been subjected to that kind of touch, and we have their testimony*. We have their disclosures. *In a lot of ways we have—basically we—we have their trust, trust that we believe them*.

"Only two people were inside that room the entire time. One was the defendant and one was [A]."

(Emphasis added.) Defendant contends that the statements emphasized above improperly referred to facts outside the record and encouraged the jury to decide the case on an emotional basis. He requests that we review for plain error.

"Generally, an issue not preserved in the trial court will not be considered on appeal." *State v. Wyatt*, 331 Or 335, 341, 15 P3d 22 (2000). We have discretion, however, to correct a "plain" error. ORAP 5.45(1); *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013) (stating requirements for an error to be "plain"). For a prosecutor's statements in closing argument to rise to the level of plain error, it must be "beyond dispute" that they "were so prejudicial as to have denied defendant a fair trial." *State v. Chitwood*, 370 Or 305, 312, 518 P3d 903 (2022) (internal quotation marks omitted). To meet that standard, the statements, individually

or collectively, must have been both obviously improper *and* incurable. *State v. Perez*, 373 Or 591, 606, 568 P3d 940 (2025).

Statements are not obviously improper if "there was more than one way that the jury could have understood each of those comments, not all of which were impermissible." *Id.* at 607. As for curability, "prosecutorial statements that were improper but *curable* are not an appropriate subject of plain-error review, because, in such circumstances, the defendant was not denied a fair trial." *State v. Durant*, 327 Or App 363, 365, 535 P3d 808 (2023), *rev den*, 374 Or 143 (2025) (emphasis in original).

When viewed in context, the cited statements were not obviously improper. The jury did not necessarily have to interpret the prosecutor's comments to be equating A's circumstances with those of other sexual assault victims and encouraging the jury to not violate the trust of those victims. The jury could reasonably have understood the prosecutor to be acknowledging that the primary evidence in this case, as in most sexual abuse cases, was witness testimony. Shortly after the challenged statements, the prosecutor went on to explain to the jury that it could convict defendant on the basis of A's testimony alone, if it found her testimony credible. Moreover, even if there was any impropriety in the prosecutor's statements, we are unpersuaded that it was incurable and necessitated a mistrial. Therefore, the prosecutor's statements do not meet the standard for plain error.

Affirmed.